GOLDBERG & ASSOCIATES, P.C.
JULIE A. GOLDBERG (SBN 235565)
14370 Ventura Blvd.
Sherman Oaks, California 91423
Telephone: (818) 999-1559
Email: ecf@goldbergimmigration.com

KELETI LAW
S. MARTIN KELETI (SBN 144208)
9903 Santa Monica Boulevard, Suite 751
Beverly Hills, California 90212-1671
Telephone: (323) 308-8489
E-mail: s.martin.keleti@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN GOLDBERG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>LAURA RACHEL RUANO, an individual; and<br>THOMAS MONTELEONE, an individual;<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. WRONGFUL USE OF CIVIL PROCEEDINGS<br>2. DEFAMATION<br>3. ABUSE OF PROCESS<br>4. TRADE LIBEL<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
1

Plaintiff Julie Ann Goldberg ("Plaintiff") alleges:

## I.

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the State of New York; Defendants are citizens of the State of California.

2. In accordance with 28 U.S.C. § 1391(b)(1), venue is proper in this District because the Defendants are domiciled and reside in this judicial district. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II.

## PARTIES

3. Plaintiff JULIE ANN GOLDBERG ("Plaintiff") is a California licensed attorney. Plaintiff is a resident of Bronx, New York.

4. Defendant LAURA RACHEL RUANO ("Laura") is a resident of Los Angeles, California.

5. Defendant THOMAS MONTELEONE ("Thomas") is a resident of Los Angeles, California.

6. Each of the Defendants was an agent, employee, alter ego, or co-conspirator of each of the other Defendant, and was at all times acting within the purpose and scope of said agency, employment, and conspiracy, and each of the Defendants has ratified and approved the acts of the other Defendant.

## III.

## FACTS COMMON TO ALL COUNTS

**a. Luis Retains Plaintiff.**

7.  On or about February 1, 2021, Luis Ruano ("Luis") - not a party to this action - met with Plaintiff for a legal consultation to discuss divorcing Laura. After the consultation, Luis retained Plaintiff as his attorney.

8.  This was the first time Plaintiff had ever met or spoken to Luis, and the first time Plaintiff learned of Laura's existence. At no time prior to meeting Luis did Plaintiff ever meet, know, speak to, or have any communication with Laura.

9.  On February 16, 2021, Plaintiff filed a petition for dissolution of marriage on Luis' behalf against Laura in the Los Angeles Superior Court, entitled *In re Marriage of Ruano*, Case No. 21VEFL00184 (the "Divorce Proceeding").

10.  On February 17, 2021, Plaintiff went to Laura's place of business, introduced herself as Luis's attorney and discreetly personally served Laura with process. This was the first time Plaintiff had met and spoken to Laura.

11.  Moments after she had been served, Laura sent Luis a text message asking, "Why are you having some lady come to my job to serve me who is not a lawyer or a process server?"

**b. Laura Sues Plaintiff.**

12. On August 10, 2021, Laura filed a civil complaint against Plaintiff in the Los Angeles Superior Court, entitled *Laura Ruano v. Julie Goldberg, et al.*, Case No. 22VECV01054 (the "Civil Action"). The complaint in the Civil Action alleged that Plaintiff had previously represented Laura in several prior legal matters and therefore could not engage in representation adverse to Laura by representing Luis in the Divorce Proceeding. The complaint in the Civil Proceeding alleged three causes of action against Plaintiff: (1) breach of fiduciary duty; (2) intentional interference with marital relations; and (3) intentional infliction of emotional

distress.

13. Among of the allegations Laura made in the Civil action were: that Plaintiff represented to Laura she was her attorney (¶ 19); that Plaintiff provided Laura with legal advice (¶ 21); that Plaintiff was provided with discounts on food purchases at Laura's place of employment (¶ 22); that Plaintiff assessed the value and obtained trade secrets to Laura's place of employment (¶ 22); that Plaintiff prepared a mediation contract for Laura (¶ 23); that Plaintiff prepared an arbitration agreement for Laura (¶ 23); that Plaintiff conducted a legal consultation with Laura (¶ 23); that Plaintiff ratified an attorney/client relationship with Laura and assured Laura all of her legal needs would be handled by Plaintiff (¶ 24); that Plaintiff billed Laura for legal services (¶ 26); that Plaintiff provided Laura with legal advice for meal break structuring (¶ 27); that Plaintiff defended Laura Ruano in a civil matter against a former employee (¶ 28); that Plaintiff assisted Laura in a separate civil matter against Luis's ex-wife (¶ 29); that Plaintiff directed Luis to sell his community property (¶ 36); that Plaintiff locked Laura out of her home (¶ 38); that Plaintiff has been Laura's attorney for several years (¶ 39); that Plaintiff directed Luis's son ("Robert"--also not a party to this action, but a defendant in the Civil Action) to stage an incident that would subject Laura to arrest (¶ 40); and that Plaintiff directed Robert to file a false police report against Laura (¶ 41).

14. Each and every allegation Laura made in the Civil Action against Plaintiff was false.

  c. **<u>Laura Blackmails Plaintiff.</u>**

15. On September 14, 2021, Laura had her attorney in the Civil Action call Luis and tell Luis, "We can make this lawsuit go away if you are willing to work on your marriage."

16. Luis replied, "Oh, let me see if I understand you correctly. You are telling

me that this lawsuit will go away if I decide to work on my marriage?"

17. Laura's lawyer replied, "Well there are many ways we can make this happen."

### d. **Plaintiff Provides Proof to Laura She Never Represented Her.**

18. On January 2, 2022, Plaintiff emailed Laura's attorney in the Civil Action with evidence showing that Plaintiff never represented Laura or never knew Laura. Plaintiff's email stated in part, "The allegations in the Complaint that I have given Plaintiff legal advice [¶ 21], billed for legal services [¶ 26], or represented Plaintiff in any capacity are completely false. It is clear that Plaintiff has acted primarily for a purpose other than succeeding on the merits of the claims sued upon and initiated her Complaint without probable cause and with malice. [] Your knowledge of the ongoing dissolution proceeding is evidenced by my client informing me that you contacted him on September 14, 2021 at 1:51 PM to tell him 'we can make this lawsuit go away if you are willing to work on your marriage.' I demand that Plaintiff dismiss me by end of business on Wednesday, January 12, 2022." Laura did not dismiss Plaintiff.

19. On February 18, 2022, Plaintiff filed a demurrer in response to Laura's complaint in the Civil Action.

### e. **Laura Files a Motion in the Divorce Proceeding to Disqualify Plaintiff as Counsel for Luis Alleging a Conflict of Interest.**

20. On February 2, 2022, *a year after* litigating the divorce and *three months after* being presented with evidence Plaintiff never knew or provided any legal services whatsoever to Laura, Laura filed a request for order (i.e., a motion in family law) to disqualify Plaintiff as Luis's attorney in the Divorce Proceeding.

21. Laura supported her motion in the Divorce Proceeding with declarations from both Laura and Thomas.

22. Laura's declaration made the same false allegations against Plaintiff that she made in the complaint in the Civil Action, including but not limited to, "Goldberg [Plaintiff in this action] provided legal advice, assistance and defended me in regards to a former employee's lawsuit [¶ 14];" "Goldberg was both my attorney and Petitioner's attorney [¶ 15];" and "Goldberg billed for her legal services [16]."

23. Thomas's declaration made the same false allegations against Plaintiff as Laura's declaration..

24. On February 25, 2022, Laura and Thomas were served with subpoenas seeking to cross-examine them in connection with their declarations at the hearing of the motion to disqualify Plaintiff from representing Luis in the Divorce Proceeding.

25. After Laura was served with a subpoena, she contacted the police and filed a false police report against Plaintiff.

26. After Thomas was served, he contacted the police and filed a second false police report against Plaintiff.

27. On March 9, 2023, Luis opposed Laura's motion adding even more evidence (207 pgs) that Plaintiff never knew, much less represented Laura.

28. On March 21, 2023, Laura filed a reply brief in support of her motion to disqualify Plaintiff in the Divorce Proceeding, continuing to fabricate a preexisting attorney-client relationship with Plaintiff.

   **f. The Couirt in the Divorce Proceeding Denies Laura's Motion to Disqualify Plaintiff.**

29. On March 22, 2022, the court in the Divorce Proceeding heard oral argument on Laura's motion Laura again continued to argue that Plaintiff previously represented her, despite the overwhelming evidence to the contrary Plaintiff had sent her. The court in the Divorce Proceeding denied Laura's motion to

disqualify Plaintiff from representing Luis.. The court stated, "What [] matters did she represent you? You can't just make a blanket statement" [] "I just don't see where there is a conflict" [] "The court doesn't speculate on broad statements" [] "[Ms. Goldberg's] office wasn't retained."

### g. Laura Files a Restraining Order Against Plaintiff.

30. On March 9, 2022, Laura filed a petition for a civil harassment restraining order against Plaintiff, entitled *Ruano v Goldberg*, Los Angeles Superior Court Case No. 22VERO00392 (the "Restraining Order Case"). Thomas was listed as an additional protected person. The petition stated, in part, Plaintiff "on prior occasions had acted in a violent manner, verbally, and physically" and that Plaintiff had sent a man to Laura's place of employment "concealing a weapon (e.g., a handgun)" to be "robbed.".

31. On March 9, 2022, the court denied the civil harassment order, and scheduled the matter for a full hearing.

### h. Laura and Thomas File a Second Civil Complaint Against Plaintiff.

32. On March 21, 2022, Laura and Thomas filed another civil complaint against Plaintiff, entitled *Monteleone v. Goldberg*, Los Angeles Superior Court Case No. 22VECV00402 ("the second civil complaint"). Laura's and Thomas's second civil complaint, (similar to their restraining order), alleged that Plaintiff sent a man with a gun to Laura's and Thomas's place of employment for a set up robbery. The second civil complaint alleged three causes of action against Plaintiff: (1) assault; (2) trespass; and (3) intentional infliction of emotional distress. *Id*.

### i. Laura Sends Luis a Text Message Stating Plaintiff Broke into Her Home and Robbed Her.

33. On March 29, 2022, Laura's and Thomas' home was burglarized. That same

night, Laura and Thomas filed another false police report against Plaintiff.

34. On March 31, 2022, Laura sent Luis a text message stating, "Just this week [Plaintiff] sent her guys to my house and robbed me."

### e. The Court Sustains in Part Plaintiff's Demurrer to the First Civil Complaint.

35. On July 8, 2022, in the Civil Action, the court sustained Plainitff's demurrer to the second cause of action without leave to amend and overruled the first and third causes of action. The court's order stated in part, "Plaintiff's second cause of action for intentional interference with marital relations is not a recognized cause of action in this jurisdiction. Goldberg has identified authorities indicating that there was such a cause of action as 'alienation of affection' in this state at some point, but that the cause of action has been abolished. See [Cal.] Civ. Code, § 43.5(a). As to Plaintiff's second cause of action, Defendants' demurrers are sustained without leave for sufficiency."

### f. Plaintiff Files an Anti-SLAPP Motion in Response to the Second Complaint.

36. On July 17, 2022, Plaintiff removed the second civil complaint, entitled *Monteleone v. Goldberg*, Los Angeles Superior Court Case No. 22VECV00402, to the United States District Court, Central District of California, Case No. 2:22-cv-04858-FMO-E.

37. On August 8, 2022, Plaintiff filed an anti-SLAPP motion in response to the second civil complaint.

38. On August 12, 2022, Laura and Tom dismissed the second civil complaint.

### g. Laura Dismisses Her Request for a Restraining Order.

39. On August 8, 2022, the court ordered the petition for a restraining order

dismissed with prejudice after Laura's counsel made the request by way of oral motion.

### g. **Plaintiff Files and Anti-SLAPP Motion in Response to Laura's First Complaint.**

40. On October 17, 2022, Plaintiff filed an anti-SLAPP in response to Laura's first complaint. Plaintiff also filed a request for judicial notice of the court order in the Divorce Proceeding citing the divorce court order finding that Plaintiff never represented Laura.

41. On December 13, 2022, the court granted Plaintiff's anti-SLAPP motion and effectively dismissed Plaintiff.

### h. **Laura Files a State Bar Complaint Against Plaintiff.**

42. On or about August 2022, Laura filed a California State Bar Complaint against Plaintiff.

## IV.

## CLAIMS FOR RELIEF

### COUNT I
### WRONGFUL USE OF CIVIL PROCEEDINGS
(Against Laura and Thomas)

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations of paragraphs 1 through 42, inclusive, as if fully set forth.

44. Laura initiated three legal proceedings against Plaintiff; Thomas joined Laura in initiating one of those three legal proceedings..

45. All three legal proceedings ended in Plaintiff's favor.

46. No reasonable person in Laura's or Thomas's circumstances would have believed that there were reasonable grounds to bring the legal proceedings against Plaintiff.

47. Laura and Thomas acted primarily for a purpose other than succeeding on the merits of their claims.

48. Plaintiff was harmed by the three legal proceedings Laura and Thomas brought against Plaintiff.

49. Laura's and Thomas's conduct was a substantial factor in causing harm to Plaintiff.

50. The actions of Defendants were willful, intentional, wanton, malicious, and without justification, and Plaintiff is entitled to punitive damages according to proof at trial. Defendants intended their conduct to cause injury to Plaintiff, or they carried on their despicable conduct with a willful and conscious disregard of Plaintiff's rights, or Defendants subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or Defendants' conduct constituted intentional misrepresentation of a material fact known to Defendants made with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

## COUNT II
## DEFAMATION
(Against Laura and Thomas)

51. Plaintiff repeats and incorporates by reference into this cause of action the allegations of paragraphs 1 through 42, inclusive, as if fully set forth.

52. Defendants made one or more statements regarding Plaintiff to persons other than Plaintiff.

53. The persons to whom Defendants made statements reasonably understood that the statements were about Plaintiff.

54. The facts and circumstances known to the listeners and readers of the

statements, it tended to injure Plaintiff in her occupation and exposed her to hatred, contempt, ridicule and shame and has discouraged others from associating or dealing with her.

55. The statements Defendants made regarding Plaintiff were false.

56. Laura and Thomas failed to use reasonable care to determine the truth or falsity or falsity of the statements.

57. Plaintiff suffered harm to her property, business, profession, and occupation, including money spent on attorney fees, court fees, and other costs as a result of the statements.

58. The statements were a substantial factor in causing Plaintiff harm.

59. The actions of Defendants were willful, intentional, wanton, malicious, and without justification, and Plaintiff is entitled to punitive damages according to proof at trial. Defendants intended their conduct to cause injury to Plaintiff, or they carried on their despicable conduct with a willful and conscious disregard of Plaintiff's rights, or Defendants subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or Defendants' conduct constituted intentional misrepresentation of a material fact known to Defendants made with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

### COUNT III
### ABUSE OF PROCESS
(Against Laura and Thomas)

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations of paragraphs 1 through 42, inclusive, as if fully set forth.

61. Defendants amended complaints, filed requests for orders, and filed

declarations in support of the same in the legal proceedings they initiated against Plaintiff.

62. Defendants intentionally used these legal procedures to cause harm, harass, annoy and for an improper purpose that procedure was not designed to achieve.

63. Plaintiff was harmed.

64. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

65. The actions of Defendants were willful, intentional, wanton, malicious, and without justification, and Plaintiff is entitled to punitive damages according to proof at trial. Defendants intended their conduct to cause injury to Plaintiff, or they carried on their despicable conduct with a willful and conscious disregard of Plaintiff's rights, or Defendants subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or Defendants' conduct constituted intentional misrepresentation of a material fact known to Defendants made with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

## COUNT IV
## TRADE LIBEL
(Against Laura and Thomas)

66. Plaintiff repeats and incorporates by reference into this cause of action the allegations of paragraphs 1 through 42, inclusive, as if fully set forth.

67. Defendants made statements that would be clearly or necessarily understood to have disparaged the quality of Plaintiff's services as an attorney.

68. The statements were made to a person other than Plaintiff.

69. The statements were untrue.

70. Defendants knew the statements were untrue or acted with reckless

disregard of the truth or falsity of the statements.

71. Defendants knew or should have recognized that someone else might act in reliance on the false statements about Plaintiff, causing Plaintiff's financial loss.

72. Plaintiff suffered direct financial harm because someone else acted in reliance on Defendants' false statements about Plaintiff.

73. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

74. The actions of Defendants were willful, intentional, wanton, malicious, and without justification, and Plaintiff is entitled to punitive damages according to proof at trial. Defendants intended their conduct to cause injury to Plaintiff, or they carried on their despicable conduct with a willful and conscious disregard of Plaintiff's rights, or Defendants subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or Defendants' conduct constituted intentional misrepresentation of a material fact known to Defendants made with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

## PRAYER

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants respectfully prays that this Court grant the following relief against the Defendants:

1. For damages in an amount to be proven at trial, but no less than $1,000,000.00;

2. For punitive damages;

3. For special damages;

4. For general damages;

5. For prejudgment and post-judgment interest;

6. For costs of suit; and

7. For such other and further relief as the Court may deem just and proper.

Dated: March 30, 2023                    Respectfully Submitted,

**GOLDBERG & ASSOCIATES, P.C.**

/s/ Julie A. Goldberg
By: Julie A. Goldberg

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 30, 2023                    Respectfully Submitted,

**GOLDBERG & ASSOCIATES, P.C.**

/s/ Julie A. Goldberg
By: Julie A. Goldberg