UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| K. Lozada | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** ORDER RE: DEFENDANTS' MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S THIRD PARTY SUBPOENAS TO ATTORNEYS (Dkt. No. 50)

Case is called. Counsel state their appearances.

## I.   Procedural History

On March 25, 2024, this Court issued an order on Defendants' motion to quash and/or motion for protective order regarding third party subpoenas. (Dkt. No. 69.) With respect to subpoenas issued to attorneys Sandra Nutt, Stephen D. Wegman (Dkt. No. 67), Seth C. Bowen (Dkt. No. 66), and Timothy R. Hanigan (Dkt. No. 68), the Court modified certain document requests and required the filing and service of privilege logs to the extent Defendants withheld documents on the basis of the attorney client privilege.

On April 11, 2024, the Court conducted a further hearing on Defendants' motion to quash and/or motion for protective order. As of that date, third party Stephen D. Wegman had provided a privilege log (Dkt. No. 71), but no other third party attorney had provided a log. The Court set a briefing and hearing schedule (Order, Dkt. No. 81), and later granted extensions of time (Orders, Dkt. Nos. 88, 90, 92.)

Plaintiff filed a declaration and documentation on April 15, 2024 (Dkt. No. 83) pursuant to the briefing schedule. Defendants filed a supplemental brief. (Dkt. No. 89.) Plaintiff filed a supplemental brief. (Dkt. No. 91.) Defendants filed evidentiary objections to the exhibits filed in support of Plaintiff's supplemental brief. (Dkt. No. 95.) Plaintiff filed a response to the evidentiary objections. (Dkt. No. 96.) The matter came on for hearing. Plaintiff advised that no attorney has produced documents in response to the subpoena issued to him or her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

## II.  Background

In this action, Plaintiff Julie Ann Goldberg filed a First Amended Complaint ("FAC") for malicious prosecution.  The FAC identifies the following lawsuits in the Superior Court for Los Angeles County ("Superior Court"): (1) First Civil Action, *Ruano v. Goldberg*, Case No. 21VECV01054 in Superior Court; (2) Restraining Order Petition, *Ruano v. Goldberg*, Case No. 22VERO00392 in Superior Court; and (3) Second Civil Action, *Monteleone v. Goldberg*, Case No. 22VECV00402 in Superior Court.  The FAC also identifies a California State Bar complaint filed by one or more defendants, false police reports, and other communications.  (*E.g.*, FAC ¶¶ 20-22, 33, 44.)  Plaintiff has since advised the court that additional complaints have been made to the State Bar and Department of Homeland Security.

## III.  Attorney-Client Privilege

As the Court explained in the March 25, 2024 Order, state law governs application of the attorney client privilege in this malicious prosecution action under California law.  Fed. R. Evid. 501.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The scope of Rule 26(b)(1) includes "'information that could be used to impeach a likely witness.'"  Advisory Comm. Notes, 2015 Amendment, Rule 26(b)(1).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

A client "has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer."  Cal. Evid. Code § 954.  "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship."  *Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 733 (2009).  If the proponent of the privilege satisfies that burden, "the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply."  Cal. Evid. Code § 917(a); *Costco*, 47 Cal. 4th at 733.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

A client, however, "cannot protect unprivileged information from discovery by transmitting it to an attorney." "'Obviously, a client may be examined on deposition or at trial as to the facts of the case, whether or not he has communicated them to his attorney.'" *Id.* at 735 (citation omitted).

Two issues have been raised in connection with Defendants' motion to quash and/or motion for protective order: the advice of counsel defense and the crime fraud exception. The court addresses each issue in turn.

### A. Advice of Counsel

A person or entity seeking discovery "can show waiver by demonstrating that the client has put the otherwise privileged communication directly at issue and that disclosure is essential for a fair adjudication of the action." *S. Cal. Gas Co. v. Public Utils. Comm'n*, 50 Cal. 3d 31, 40 (1990); *see also Mitchell v. Superior Ct.*, 37 Cal. 3d 591, 605 (1984) (reliance on advice of counsel to show party acted reasonably).

The advice of counsel defense requires a showing of good faith reliance on advice of counsel after truthful disclosure of all relevant facts. *Nunez v. Pennisi*, 241 Cal. App. 4th 861, 876 (2015); *Roche v. Hyde*, 51 Cal. App. 5th 757, 827-28 (2020) (defendants may show they "'have in good faith consulted a lawyer, have stated all the facts to him, have been advised by the lawyer that they have a good cause of action and have honestly acted upon the advice of the lawyer'" in filing and maintaining action) (citation omitted). If a defendant acted in bad faith or withheld from counsel pertinent facts, the defense may fail. *Bertero v. Nat'l Gen'l Corp.*, 13 Cal. 3d 43, 53-54 (1974). "[A]fter the court has determined the privilege is waived or an exception applies generally, the court to protect the claimant's privacy may conduct or order an in camera review of the communication at issue to determine if some protection is warranted notwithstanding the waiver or exception." *Costco*, 47 Cal. 4th at 740.

Defendants state that they assert the advice of counsel defense to the following actions:

1. First Civil Action, Case No. 21VECV01054 in Superior Court. Defendants have produced all correspondence with attorneys Wegman/Zola in the client's possession through May 5, 2022 (the date on which Mr. Hanigan substituted as counsel).

2. Second Civil Action, Case No. 22VECV00402 in Superior Court. Defendants have produced all correspondence with attorneys Wegman/Zola in the client's possession through May 5, 2022 (the date on which Mr. Hanigan substituted as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

counsel).

3. The Federal Action to which the Second Civil Action was removed, *Ruano v. Goldberg*, Case No. 22-4858 FMO (Ex), in the Central District of California. Defendants state that they have produced all correspondence with attorney Hanigan in the client's possession with respect to the underlying Second Civil Action and Federal Action.

In response to the court's inquiry at the hearing, defense counsel confirmed that the advice of counsel defense includes pre-filing communications with counsel with respect to the First Civil Action, the Second Civil Action, and the Federal Action. The court agrees that pre-filing communications would be directly relevant to, at a minimum, the elements of good faith, disclosure of relevant facts to counsel, and advice of counsel. *Bertero*, 13 Cal. 3d at 53-54; *Roche*, 51 Cal. App. 5th at 827-28; *Nunez*, 241 Cal. App. 4th at 876.

Mr. Wegman filed a privilege log with the court, apparently without the benefit of knowing that his client has asserted the advice of counsel defense as to the three civil actions listed above. (Dkt. No. 71.) The court has numbered the log entries consecutively from 1 through 146. Mr. Wegman does not identify the particular lawsuit or lawsuits to which each log entry pertains. Therefore, the court is not in a position to rule on each log entry. Counsel will be ordered to notify Mr. Wegman that Defendants are asserting the advice of counsel defense to the three civil actions listed above. To the extent Defendants continue to maintain the attorney client privilege as to any log entry, Mr. Wegman shall file a revised privilege log that comports with Fed. R. Civ. P. 26(b)(5) and identifies the matter(s) to which the entry pertains.

Mr. Hanigan and Mr. Bowen have not yet filed privilege logs. Counsel will be ordered to notify these attorneys that Defendants are asserting the advice of counsel defense to the three civil actions listed above. To the extent Defendants continue to maintain the attorney client privilege as to a communication with Mr. Hanigan or Mr. Bowen regarding the three civil actions listed above, Mr. Hanigan and Mr. Bowen shall file a privilege log that comports with Fed. R. Civ. P. 26(b)(5) and identifies the matter(s) to which the entry pertains.

### B. *Crime/Fraud Exception*

The attorney client privilege does not apply "if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." Cal. Evid. Code § 956; *People v. Clark*, 50 Cal. 3d 583, 623 (1990) (attorney client privilege "'is lost if the client seeks legal assistance to plan or perpetrate a crime or fraud'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

To invoke this exception, the party seeking discovery "must make a prima facie showing" that the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or fraud. *State Farm Fire & Cas. Co. v. Superior Ct.*, 54 Cal. App. 4th 625, 643 (1997). A prima facie showing is "one which will suffice for proof of a particular fact unless contradicted and overcome by other evidence. In other words, evidence from which reasonable inferences can be drawn to establish the fact asserted, i.e., the fraud." *BP Alaska Exploration, Inc. v. Superior Ct.*, 199 Cal. App. 3d 1240, 1262 (1988).

It is unnecessary to show a completed crime or fraud; the crime/fraud exception "'applies to attorney communications sought to enable the client to *plan to commit* a fraud, whether the fraud is successful or not.'" *Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 220 (2010) (citation omitted). The focus is on the intent of the client as opposed to the intent of the lawyer. *State Farm*, 54 Cal. App. 4th at 645 (examining whether law firm's services "were retained and utilized to enable [the client] to commit a crime or a fraud"). For example, in one case, the court found a prima facie showing based on evidence that the client's communications with counsel were made as part of an investigation that resulted in the attorney's fraudulent letter. *BP Alaska*, 199 Cal. App. 3d at 1247-49, 1268-69.

The scope of the crime/fraud exception encompasses documents that have a reasonable relation to the crime or fraud. *Id.* at 1269; *see State Farm*, 54 Cal. App. 4th at 645 (examining whether there is "reasonable relationship" between attorney-client communication and crime or fraud).

Plaintiff contends that the crime/fraud exception applies and identifies several crimes.

### 1. Cal. Penal Code § 136.1(a)(2)

Plaintiff contends that Defendant Laura Ruano knowingly and maliciously attempted to prevent or dissuade a handwriting expert, Bart Baggett, from attending or giving testimony at the divorce proceeding in violation of Cal. Penal Code § 136.1(a)(2).

The elements of a violation of Cal. Penal Code § 136.1(a)(2) are: "(1) knowingly and maliciously (2) . . . attempting to prevent or dissuade (3) a victim or witness (4) from attending or giving testimony at any trial, proceeding, or inquiry authorized by law." *Escobar v. Lynch*, 846 F.3d 1019, 1024 (9th Cir. 2017) (citing CALCRIM No. 2622). In this context, the term "malice" means "an intent to vex, annoy, harm, or injure in any way another person, or to thwart or interfere in any manner with the orderly administration of justice." Cal. Penal Code § 136(1); *People v. Wahidi*, 222 Cal. App. 4th 802, 806, 809 (2013) (finding evidence of intent to thwart or interfere in any manner with orderly administration of justice from defendant's attempt to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

convince witness not to testify in court). A court may consider the "circumstances in which the defendant's statement is made, not just the statement itself." *Id.* at 806. The offense has been committed if "the defendant's actions or statements are ambiguous, but reasonably may be interpreted as intending to achieve the future consequence of dissuading the witness from testifying." *Id.*

Plaintiff attaches an email dated March 26, 2024 from Defendant Ruano to Mr. Baggett's office, which then forwarded the email to Plaintiff on April 5, 2024. Mr. Baggett is a handwriting expert for Defendant Ruano's ex-husband in the divorce proceeding. The email speaks for itself and supports a prima facie showing of Defendant Ruano's knowing and malicious attempt to dissuade Mr. Baggett from giving testimony in the divorce proceeding by telling him (falsely) that Ms. Goldberg is "under criminal investigation from the state bar of California;" that his retention by Ms. Goldberg would essentially be in furtherance of Ms. Goldberg's scheme "which the state bar have found to be a violation of attorney conduct;" and that Defendant Ruano would hate to see Mr. Baggett's office "caught up in this mess with unethical lawyers who are retaliating and blatantly lying to the courts and your office."[1] (Dkt. No. 91-2 at 85.)[2] Plaintiff has satisfied her burden of making a prima facie showing of a violation of Cal. Penal Code § 136.1(a)(2). *See Wahidi*, 222 Cal. App. 4th at 807-09 (finding sufficient evidence to support conviction for knowing and malicious attempt to dissuade witness from testifying).

Defendant Ruano's email also makes a prima facie showing that "the services of the lawyer were sought or obtained to enable or aid" Defendant Ruano to commit or plan to commit the violation of § 136.1(a)(2). *See* Cal. Evid. Code § 956. The email indicates that Defendant Ruano "was given this email" to reach out to "Bart" and that Defendant Ruano copied her lawyer "Seth [Bowen]" "as he can attest to the validity" of the multiple investigations of Ms. Goldberg. The email asks the recipient to "reach out to Seth" or Defendant Ruano immediately." (Dkt. No. 91-2 at 85.)

Neither Defendants nor Mr. Bowen have filed a privilege log with the court. Given that

---

[1] Defendants' objection to this exhibit is overruled. Plaintiff could not have filed the document before April 5, 2024, the date on which the email indicates it was forwarded to her. Thereafter, Plaintiff filed the document in accordance with the court's briefing schedule. Moreover, Plaintiff previously filed the document on April 5, 2024 in connection with a different motion. Defendants have not shown any prejudice. (Dkt. Nos. 74 at 2, 76.)

[2] Page citations to docket entries cite the page numbers assigned by CM/ECF in the header of the document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

the scope of the crime/fraud exception encompasses documents that have a reasonable relation to the crime, tentatively the crime/fraud exception would at a minimum include communications between Defendant Ruano and Mr. Bowen concerning contact or communication with Mr. Baggett or his office during the divorce proceeding after one or the other of them was informed Mr. Baggett or his office had a conflict. *BP Alaska*, 199 Cal. App. 3d at 1269; *see State Farm*, 54 Cal. App. 4th at 645. To the extent Defendants seek to withhold such communications, Defendants and Mr. Bowen must file a privilege log with the court.

### 2. Cal. Penal Code § 118a

The elements of a violation of Cal. Penal Code § 118(a) are that Defendant Ruano (1) gave an affidavit in which she swore that she would testify before a competent tribunal in connection with a case that had been or would be filed; (2) signed and delivered her affidavit to someone else intending that it be used, circulated or published as true; (3) willfully stated in the affidavit that information was true even though she knew it was false; (4) the information was material; (5) knew she was making the statement under oath or affirmation; and (6) intended to declare falsely while under oath when she made the false statement. CALCRIM 2641; *People v. Griffini*, 65 Cal. App. 4th 581, 594 (1998) (treating declaration under penalty of perjury as affidavit under statute); *see also Collins v. Superior Court*, 89 Cal. App. 4th 1244, 1247 (2001); Cal. Penal Code § 124.

"When a deponent willfully swears to a belief that a fact exists when at the same time he knows that it does not exist, he is guilty of perjury." *People v. Agnew*, 77 Cal. App. 2d 748, 756 (1947). Perjury includes material information that the deponent does not know to be true. *People v. Bass*, 175 Cal. App. 2d 383, 385 (1959) (defendant speaking "rashly and recklessly about a matter which he did not know to be true"); Cal. Penal Code § 125 ("An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false."). Willfulness "requires proof that the defendant made such statement 'with the consciousness that he did not know that it was true, and with the intent that it should be received as a statement of what was true in fact.'" *People v. Hagen*, 19 Cal. 4th 652, 663 (1998).

Information is material if "the false statement could have 'influenced the outcome of the proceedings.'" *People v. Hedgecock*, 51 Cal. 3d 395, 405 (1990) (citation omitted) (standard of materiality in court proceedings). "It is no defense to a prosecution for perjury that the accused did not know the materiality of the false statement made by him; or that it did not, in fact, affect the proceeding in or for which it was made. It is sufficient that it was material, and might have been used to affect such proceeding." Cal. Penal Code § 123.

Plaintiff attaches a declaration under penalty of perjury by Defendant Ruano dated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

February 1, 2022 and filed by her attorney Seth Bowen in support of a motion to disqualify Ms. Goldberg as opposing counsel in the divorce proceeding, Case No. 21VEFL00184. (Dkt. No. 54-1 at 90-95 (declaration) in Dkt. No. 54-1 at 75-126 (motion); Dkt. No. 54-2 at 251 (docket).) Plaintiff's motion sought a court order disqualifying Ms. Goldberg in the divorce proceeding on the ground that Ms. Goldberg had previously represented Plaintiff and therefore had a conflict of interest; imposing sanctions on Ms. Goldberg for representing Plaintiff's husband despite the conflict of interest with Plaintiff; and awarding attorneys fees to Plaintiff for filing the motion. (Dkt. No. 51-1 at 89.) Defendant Ruano's declaration satisfies the first, second and fifth elements of Cal. Penal Code § 118a. (Dkt. No. 51-1 at 90 ¶¶ 1-2, 95.)

Defendant Ruano's declaration states that she and her father run a restaurant called Barones. Her husband Luis has a son, Robert, from a previous marriage who was trying to become an attorney. (Dkt. No. 51-1 at 90 ¶¶ 6-7.) In 2019, she and her father "only hired Robert under the supervision of Julie Goldberg to be corporate counsel." (*Id.* at 91 ¶ 9.) "From 2019 into 2020 Barones relied upon Robert, Julie Goldberg, and the Goldberg Firm to give us legal advice for our business and personal affairs, help with our employee disputes, help with our meal and break structuring, and help with drafting mediation and arbitration contracts." (*Id.* at 91 ¶ 10.)

In support of her prima facie showing of a crime under Cal. Penal Code § 118a, Plaintiff declares that she and her law firm have never represented Plaintiff or Barones in any capacity, including but not limited to employee disputes, meal and break structuring, mediation and arbitration contracts or any other business or personal affairs. (Dkt. No. 54-2 at 86 ¶ 30.) Plaintiff first met Robert's father Luis (husband of Defendant Ruano) on February 1, 2021. The meeting was about Luis' desire to divorce Defendant Ruano. (*Id.* at 82 ¶ 10.)

Plaintiff further states that the first time she met, spoke or communicated with Defendant Ruano was on February 17, 2021 to serve process upon her in the divorce proceeding. (*Id.* at 83 ¶ 15; *Id.* at 85 ¶ 28.) Plaintiff attaches a text from Defendant Ruano dated February 17, 2021 to Luis that reads: "Why are you having some lady come to my job to serve me who is not a lawyer or a process server?" (Dkt. No. 54-2 at 240.) The text corroborates that Defendant Ruano did not previously know Ms. Goldberg or that she was an attorney.

Plaintiff points to the dearth of evidence to corroborate Defendant Ruano's February 1, 2022 declaration that she or Barones had an attorney client relationship with Ms. Goldberg or her law firm in 2019-2020. Defendant Ruano did not attach an retainer agreement with Ms. Goldberg or her law firm. Defendant Ruano's declaration states that "Ms. Goldberg billed for her services" (Dkt. No. 54-1 at 92 ¶ 16) but did not attach any bills from, or payments to, Ms. Goldberg or her law firm. Defendant Ruano's declaration states that Ms. Goldberg "received

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

compensation in the form of discounts on food from the business" but does not attach any evidence of discounts to Ms. Goldberg.[3] (*Id.*) Whereas Defendant Ruano stated in her declaration that Robert prepared an arbitration agreement with meal and break structuring for Barones' employees in March 2019, Plaintiff attaches communications with Robert evidencing that he was offered employment at her law firm on September 3, 2019 and had a start date of September 9, 2019.[4] (*Id.* at 91, 93-95.) Defendant Ruano's declaration refers to an email dated April 2020 that "confirms Robert's and Goldberg's involvement" in a billing dispute with a different attorney and that Robert would draft a letter "which would come from Goldberg's firm." (*Id.* at 91 ¶ 11.) No such email is attached to the declaration. Defendant Ruano's declaration refers to a May 2020 email to corroborate that she obtained "a second opinion from Robert and Goldberg on how to oppose a restraining order renewal case against me." (*Id.* at 92 ¶ 12.) The attached email comes from Robert's personal gmail account and attaches a section of Witkin's treatise entitled "Duration and Renewal of Order" printed from Mehgan Gallagher's Westlaw Account labeled "for educational use only." (*Id.* at 99-100, 101-03.) Neither document purports to be from Ms. Goldberg, her law firm's goldbergimmigration.com email account, or the Goldberg & Associates Westlaw account. (*See* Dkt. No. 54-2 at 87 ¶ 35.) None of the documents are on the Goldberg law firm's letterhead, and nowhere does Robert mention consulting with Ms. Goldberg, her law firm, or even Ms. Gallagher about the subjects.

Finally, Plaintiff presents evidence of Defendant Ruano's motive to fabricate. Plaintiff attaches the declaration of Luis Ruano, Defendant Ruano's ex-husband and Robert's father. Luis Ruano's declaration describes a conversation with Defendant Ruano's then attorney, Mr. Zola, on September 14, 2021 at 1:51 p.m. (Luis Ruano Decl. ¶ 3, Dkt. No. 83-2.) During the conversation, Luis states that Mr. Zola said: "I think you want to see your son become a lawyer and I think we can make all these lawsuits go away." (Luis Ruano Decl. ¶ 18.) Mr. Zola asked, "Don't you want your son to be a lawyer?" Luis responded, "'Yes, of course.'" Mr. Zola then said, "Well why don't you honor your holy matrimony with your wife, for better or for worse, for richer or for poorer, in sickness and in health? We can make this go away if you are willing to work on your marriage." (*Id.* ¶¶ 22-24.) Plaintiff contends this conversation constitutes a prima facie showing of extortion under Cal. Penal Code §§ 518-520.

A reasonable inference from the conversation is that Mr. Zola used Luis Ruano's desire to see his son Robert become a lawyer to threaten Luis if he did not drop the divorce proceeding

---

[3] Plaintiff denies receiving discounts on food from Barones. (Dkt. No. 54-2 at 85 ¶ 27.)

[4] Nothing in the documentation surrounding the arbitration agreement or meal/break structuring remotely suggests the involvement of Goldberg or her law firm. (Dkt. No. 54-1 at 106-10; Dkt. No. 54-2 at 97-103, 105-10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

against Defendant Ruano. The then-pending First Civil Action filed by Defendant Ruano named Robert as a defendant in addition to Ms. Goldberg; accused Robert of being Barones' "corporate counsel" despite not being licensed to practice law in California; alleged claims for intentional infliction of emotional distress and interference with marital relations against Robert; and requested punitive damages. (First Civil Action ¶¶ 3, 14-18, 24, 62-72, 73-79, 80-82, Dkt. No. 54-1 at 112-21.) Integral to the First Civil Action were the allegations that Goldberg had an attorney client relationship with Defendant Ruano and was the purported supervisor of Robert, who was practicing law without a license. (*Id.* ¶¶ 14-29.) It is reasonable to infer that Defendant Ruano had a motive to willfully make knowingly false allegations about Robert and an attorney client relationship with Ms. Goldberg to threaten Luis in the divorce proceeding.

Plaintiff has satisfied her burden of making a prima facie showing of a violation of Cal. Penal Code § 118a. As discussed above, a prima facie showing requires evidence from which reasonable inferences can be drawn to establish the fact asserted if the evidence is not controverted. *BP Alaska*, 199 Cal. App. 3d at 1262. In addition to her denial, Plaintiff presents corroboration in the form of Defendant Ruano's text message, after meeting Ms. Goldberg on February 17, 2021, that indicates Defendant Ruano did not know Ms. Goldberg and did not know she was an attorney. Plaintiff points to the absence of evidence that Defendant Ruano, directly or through an authorized representative, ever consulted with Ms. Goldberg or her law firm "for the purpose of retaining the lawyer or securing legal service or advice from [her] in [her] professional capacity." Cal. Evid. Code § 951. Plaintiff provides evidence of Defendant Ruano's motive to willfully make knowingly false allegations in the declaration. Plaintiff "need not eliminate all contrary inferences." *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 612 (2017).

       3.     *Cal. Penal Code § 148.5 (false report to police)*
       4.     *Cal. Bus. & Prof. Code § 6043.5 (false report to State Bar)*
       5.     *18 U.S.C. § 1001(a) (false report to Department of Homeland Security)*

Plaintiff contends that Defendant Ruano has made knowingly false reports to the police, the State Bar of California and the Department of Homeland Security ("DHS").

At the hearing, the court inquired as to whether there is any evidence that "the services of the lawyer were sought or obtained to enable or aid" Defendant Ruano to commit or plan to commit the above-listed crimes as required by Cal. Evid. Code § 956. Plaintiff noted that she had offered to provide various video footage to the court in her briefs and represented that videos would show Defendant Ruano saying her attorney had advised her to make reports to the police, State Bar or other entities. Plaintiff also updated the court as to DHS issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

In response to the court's inquiry, defense counsel confirmed at the hearing that Defendants do not assert the advice of counsel defense in response to the allegations that Defendants made false reports to police, the State Bar, or the DHS. Moreover, California law does not find waiver of the attorney client privilege when a client discloses only that she consulted an attorney and that the attorney reached a particular conclusion. *S. Cal. Gas Co. v. Public Utils. Comm'n*, 50 Cal. 3d 31, 49 (1990). Rather, the client must also disclose "a significant part of the communication" within the meaning of Cal. Evid. Code § 912.

Plaintiff has not yet provided Defendant Ruano's statements to the DHS. Plaintiff noted at the hearing that discovery is ongoing and, without going into detail, that the DHS situation may end up involving a complex scheme. The court has reviewed the police reports and State Bar related documentation Plaintiff proffered. The court finds it unnecessary to address in this order whether Plaintiff has made a prima facie showing of violations of Cal. Penal Code § 148.5, Cal. Bus. & Prof. Code § 6043.5, and 18 U.S.C. § 1001(a) because Plaintiff has not yet shown that Defendants sought the services of any attorney to enable or aid them in making false reports to police, the State Bar or the DHS.

Certainly, the crime/fraud exception applies when an attorney instigates a crime and the client joins in it, or when both attorney and client act together to commit a crime. *See People v. Superior Ct.*, 37 Cal. App. 4th 1757, 1768 n.4 (1995). Plaintiff has not yet produced evidence to make a prima facie showing of any attorney's role in one or more of the three crimes alleged.

### 6.    *Cal. Penal Code §§ 518-519, 524*

As discussed above, Plaintiff submits a declaration from Luis Ruano, the ex-husband of Defendant Ruano. In the declaration, Luis Ruano describes a phone conversation with Defendant Ruano's then-lawyer, Mr. Zola, who is now deceased. (Dkt. No. 83-2.) During the conversation, Luis states that Mr. Zola said: "I think you want to see your son become a lawyer and I think we can make all these lawsuits go away." (Luis Ruano Decl. ¶ 18.) Mr. Zola asked, "Don't you want your son to be a lawyer?" Luis responded, "'Yes, of course.'" Mr. Zola then said, "Well why don't you honor your holy matrimony with your wife, for better or for worse, for richer or for poorer, in sickness and in health? We can make this go away if you are willing to work on your marriage." (*Id.* ¶¶ 22-24.)

Plaintiff contends this conversation constitutes a prima facie showing of attempted extortion under Cal. Penal Code §§ 518-519, 524. *See Flatley v. Mauro*, 39 Cal. 4th 299, 326-27 (2006) (elements of extortion). The extortionate threat would be accusing a member of Luis Ruano's family of a crime, namely, practicing law without a license under Cal. Bus. & Prof. Code § 6126(a). *See* Cal. Penal Code § 519(2); *People v. Umana*, 138 Cal. App. 4th 625, 640-41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

(2006) (describing elements of attempted extortion; finding threat of continued pursuit of criminal allegations sufficient under Cal. Penal Code § 519 when threat made after police report was filed).

The court has not located any claim of privilege by Defendants as to the conversation between Mr. Zola and Luis Ruano on September 14, 2021 and, therefore, need not reach the crime/fraud exception. Because Defendants assert the advice of counsel defense as to the First Civil Action, the documents regarding the September 14, 2021 conversation may have already been produced in any event. Nevertheless, if Defendants claim the attorney client privilege as to communications regarding the conversation between Mr. Zola and Luis Ruano that ultimately took place on September 14, 2021, Defendants shall identify each such document on a privilege log.

## IV.   Order

IT IS ORDERED that Defendants' motion to quash and/or motion for protective order regarding Plaintiff's third party subpoenas to attorneys is FURTHER DENIED IN PART as follows:

1. Counsel shall promptly notify Mr. Wegman, Mr. Bowen, and Mr. Hanigan that Defendants assert the advice of counsel defense to the following actions:

    a. First Civil Action, Case No. 21VECV01054 in Superior Court
    b. Second Civil Action, Case No. 22VECV00402 in Superior Court
    c. Federal Action entitled *Ruano v. Goldberg*, Case No. 22-4858 FMO (Ex), in the Central District of California

2. To the extent Defendants continue to maintain the attorney client privilege as to communications with Mr. Wegman,. Mr. Hanigan or Mr. Bowen regarding the three above-listed actions in Paragraph 1, Mr. Wegman, Mr. Bowen and Mr. Hanigan (as applicable) shall serve on Plaintiff in response to the respective subpoena a privilege log that comports with Fed. R. Civ. P. 26(b)(5) and identifies the matter(s) to which each log entry pertains.

3. For the reasons set forth above, the court finds that Plaintiff has made the requisite prima facie showing for purposes of Cal. Evid. Code § 956 (crime/fraud exception) that Defendant Ruano sought or obtained the services of a lawyer to enable or aid anyone to commit or plan to commit the following crimes:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-23-02395-GW (AGRx) | Date | June 7, 2024 |
|---|---|---|---|
| Title | Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | | |

      a.    attempting to prevent or dissuade a handwriting expert, Bart Baggett, from attending or giving testimony at the divorce proceeding in violation of Cal. Penal Code § 136.1(a)(2); and

      b.    making and filing a declaration by Defendant Ruano under penalty of perjury dated February 1, 2022 in support of a motion to disqualify Ms. Goldberg as opposing counsel in the divorce proceeding, Case No. 21VEFL00184, in violation of Cal. Penal Code § 118a.

4. Counsel shall promptly notify Mr. Wegman, Mr. Bowen, and Mr. Hanigan of this order. To the extent that Defendants continue to maintain the attorney client privilege as to communications with Mr. Wegman, Mr. Bowen and Mr. Hanigan that have a reasonable relation to the conduct listed above in Paragraph 3, Mr. Wegman, Mr. Bowen and Mr. Hanigan (as applicable) shall serve on Plaintiff in response to the respective subpoena a privilege log that comports with Fed. R. Civ. P. 26(b)(5).

5. To the extent that Defendants assert the attorney client privilege as to communications with Mr. Zola, Mr. Wegman, Mr. Bowen or Mr. Hanigan that have a reasonable relation to the subject matter of Mr. Zola's conversation with Luis Ruano on September 14, 2021, Mr. Wegman, Mr. Bowen and Mr. Hanigan (as applicable) shall serve on Plaintiff in response to the respective subpoena a privilege log that comports with Fed. R. Civ. P. 26(b)(5).

6. If Defendants claim privilege as to communications that fall within more than one paragraph above, then the applicable attorney may prepare one privilege log that contains all of the log entries at issue in Paragraphs 2, 4 and/or 5.

7. The privilege logs should be served by July 1, 2024 or another date mutually agreed by counsel.

Initials of Preparer    kl