**GOLDBERG & ASSOCIATES**
JULIE A. GOLDBERG (SBN 235565)
14370 Ventura Blvd
Sherman Oaks, California 91423
Telephone: (818) 999-1559
Email: ecf@goldbergimmigration.com

**KELETI LAW**
S. MARTIN KELETI (SBN 144208)
9903 Santa Monica Boulevard, Suite 751
Beverly Hills, California 90212-1671
Telephone: (323) 308-8489
E-mail: s.martin.keleti@gmail.com

*Attorneys for Plaintiff Julie Ann Goldberg*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN GOLDBERG, an individual;<br><br>*Plaintiff*,<br><br>v.<br><br>LAURA RACHEL RUANO, an individual; and THOMAS MONTELEONE, an individual;<br><br>*Defendants*. | Case No.: 2:23-cv-02395-GW-AGRx<br><br>**PLAINTIFF JULIE A. GOLDBERG'S DISCOVERY STATUS REPORT** |

//
//
//

# I. INTRODUCTION

Pursuant to the Court's June 5, 2025 Text Entry Order (Dkt. 211), Plaintiff Julie A. Goldberg ("Plaintiff") submits this Discovery Status Report to detail all discovery completed to date and identify what remains outstanding. Plaintiff has fully complied with her discovery obligations—producing all required documents, responding to all written requests, and repeatedly attempting to advance this case—while Defendants Laura Ruano and Thomas Monteleone ("Defendants") have failed to produce critical documents and have not participated in any depositions. The primary impediments to completing discovery are Defendants' ongoing noncompliance and avoidance, not any failure by Plaintiff.

# II. PLAINTIFF'S DISCOVERY EFFORTS AND COMPLIANCE

Plaintiff has made every effort to comply fully with her discovery obligations. Her efforts include, but are not limited to, the following:

**A. Written Discovery and Document Production**

1. Plaintiff timely served Rule 26(a) initial disclosures.
2. Plaintiff has responded to all sets of written discovery propounded by Defendants, including multiple sets of requests for production, interrogatories, and requests for admission.

3. Plaintiff has produced over 40,000 pages of responsive documents, including:

    a. Financial records and tax returns (Goldberg & Associates, 2017–2019, 2021–present) as ordered (Dkts. 129, 169, 186).

    b. Privilege logs detailing any withheld materials (Dkts. 71, 100, 140).

    c. Extensive correspondence, underlying case files, and damages evidence.

4. **Redactions:** Plaintiff has redacted information solely as permitted by court order (Dkt. 186), and has timely re-produced documents with appropriate redactions when required (Dkt. 181).

5. **Third-Party Subpoenas:** Plaintiff has issued and prepared served subpoenas on all relevant third parties and has sought to compel compliance where necessary (Dkts. 172–174, 183).

6. Plaintiff has participated in numerous and repeated meet-and-confer efforts in good faith, as reflected in status reports and conference minutes (Dkts. 81, 97, 137, 140, 153).

## B. Motions and Compliance

1. Plaintiff has moved to compel production from unresponsive third parties (Dkts. 172–174).

2. Plaintiff has timely opposed, and ultimately prevailed on, numerous motions to

quash and for protective orders filed by non-parties (Dkts. 166, 167, 183).

3. Plaintiff has complied with every production deadline and court order, including court-ordered supplemental productions and privilege log service.

## C. Depositions

1. **No depositions have occurred**—not due to Plaintiff's inaction, but because of third-party and defense counsel delays, repeated scheduling obstacles, and ongoing motion practice (Dkts. 166, 167, 183, 198).

2. Plaintiff was granted leave to take seven additional depositions (Dkt. 187), but all remain outstanding due to Defendant and third-party avoidance, and multiple stays of this case.

## D. Plaintiff's Anticipated Depositions

1. Party and Non-Party Depositions Not Yet Completed but Noticed/Subpoenaed:

    a. **Laura Rachel Ruano** (Defendant)

    b. **Thomas Monteleone** (Defendant; deposition subject to stipulation re: medical condition)

    c. **Timothy R. Hanigan** (Attorney, non-party subpoena served; Dkt. 112)

    d. **Seth C. Bowen** (Attorney, non-party subpoena served; Dkt. 113)

    e. **Rafael Ureña** (Attorney/witness; subpoenaed; protective order litigation

resolved; Dkts. 114, 167, 183)

    f. **Mustafa Ebid** (Fact witness; subpoena served; motion for protective order resolved; Dkts. 115, 166)

    g. **Maria Luisa Sosa** (Fact witness; subpoena served; Dkt. 116)

2. Seven Additional Depositions Authorized by Court (Dkt. 187, 154):

    a. **Stephen D. Wegman** (Attorney for Defendants)

    b. **Curtis Morrison** (Third-party witness with relevant knowledge)

    c. **Person Most Knowledgeable ("PMK") at Littler Mendelson, P.C.** (regarding Barones, Inc. litigation/employment matters)

    d. **PMK at Los Angeles Police Department/City Attorney's Office** (regarding underlying criminal investigation or related facts)

    e. **PMK at U.S. Department of Homeland Security ("DHS")** (re: federal immigration or related matters involving parties/witnesses)

    f. **Maher Kadmiry** (Fact witness connected to alleged events/communications)

    g. **PMK at California State Bar** (regarding bar complaint proceedings)

    h. Any additional PMK(s) from entities listed above, if new topics or entity changes occur

### III. DISCOVERY OUTSTANDING FROM DEFENDANTS

While Plaintiff has complied with every discovery obligation and produced all documents in her possession, **Defendants have repeatedly failed to fulfill their discovery obligations and continue to withhold critical discovery**. The following remain outstanding:

**A. Outstanding Written Discovery**

1. **Failure to Produce Court-Ordered Documents:**

    a. Defendants have not produced all documents responsive to Plaintiff's requests for production, including:

    i. Financial records related to payments, income, and assets (Dkts. 97, 137, 153).

    ii. Case files and documents from the underlying and related state and bar actions.

    iii. Communications and records pertaining to witness tampering and damages.

    iv. Plaintiff also notes that, as detailed in her Motion to Admit Allegedly Inadvertently Produced Evidence (Dkt. 176), Defendants have failed to provide any privilege log as required by the Court and have only raised privilege objections belatedly,

after producing the documents and following their use in court proceedings. Plaintiff's motion seeks a determination that the production was not inadvertent, that any claimed privilege was waived, and that the crime-fraud exception applies. This dispute remains pending before Magistrate Judge Rosenberg. Plaintiff continues to pursue all such issues through formal channels and has complied with all discovery rules and orders in good faith.

2. **Privilege Log Deficiencies:**

   a. Defendants and non-parties have repeatedly failed to provide any privilege logs, with the sole exception of attorney Wegman, whose privilege log was found non-compliant and deficient, requiring further supplementation (see Dkts. 71, 100, 140).

3. **Noncompliance with Third-Party Discovery Coordination:**

   a. Defendants have obstructed or failed to facilitate production of records from American Express, AT&T, and Bank of America as required by multiple court orders (Dkts. 69, 101, 172–174).

   b. Defendants' counsel have not produced or have delayed producing their own billing/payment records, despite orders requiring disclosure of "documents sufficient to show" such information (Dkt. 69).

**B. Avoidance and Delay of Depositions**

1. Defendants have evaded scheduling and appearing for depositions, despite repeated subpoenas and court orders authorizing Plaintiff to proceed.
2. No party or third-party depositions have occurred **solely due to Defendant and non-party witness avoidance, not Plaintiff's delay** (Dkts. 198, 166, 167, 183).

## IV. DISCOVERY REMAINING FOR PLAINTIFF

The only outstanding discovery owed by Plaintiff is the completion of depositions, which remain unscheduled solely due to avoidance and motion practice by Defendants and third parties. Plaintiff stands ready and willing to proceed with all depositions and to supplement her document productions as appropriate, once Defendants and witnesses comply with court orders and appear as required.

## V. CONCLUSION

Plaintiff respectfully submits that she has fully complied with all discovery obligations to date and has made every reasonable effort to advance discovery, even in the face of repeated delay and noncompliance by Defendants. While Plaintiff recognizes that progress was unavoidably slowed during the recent stay of proceedings, the current record demonstrates that Plaintiff has completed all written

discovery and document production required by this Court's orders. Plaintiff has issued and served all necessary subpoenas, responded to every discovery request, and remains prepared to proceed with all noticed depositions.

As detailed above, the principal impediment to timely completion of discovery is Defendants' ongoing failure to produce critical documents and facilitate or participate in depositions. These issues have persisted before the stay, and have required significant court intervention. Plaintiff is committed to cooperating fully and expeditiously to bring discovery to a close.

Plaintiff therefore respectfully requests that the Court address Defendants' outstanding deficiencies at the upcoming status conference and issue any further orders necessary to ensure that discovery is completed promptly and the matter proceeds efficiently toward trial.

Respectfully submitted,

Dated: June 10, 2025

**GOLDBERG & ASSOCIATES**

/s/ *Julie A. Goldberg*

By: Julie A. Goldberg
*Plaintiff*