**GOLDBERG & ASSOCIATES**
JULIE A. GOLDBERG (SBN 235565)
14370 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: (818) 999-1559
Email: ecf@goldbergimmigration.com

*Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN GOLDBERG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>LAURA RACHEL RUANO, an individual; and THOMAS MONTELEONE, an individual;<br><br>Defendants. | Case No.: 2:23-cv-02395-GW-AGRx<br><br>**PLAINTIFF JULIE ANN GOLDBERG'S *EX PARTE* APPLICATION FOR ORDER ESTABLISHING COURT CUSTODY AND CHAMBERS-ONLY VIEWING PROTOCOL FOR PLAINTIFF'S PRODUCTION OF BUSINESS TAX RETURNS**<br><br>[*Assigned to the Honorable George H. Wu, United States District Judge*] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date to be set by the Court—or as soon thereafter as the matter may be heard—before the Honorable George H. Wu, United States District Judge, in Courtroom 9D of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, Plaintiff Julie Ann Goldberg will and hereby does apply *ex parte* for an order establishing Court custody and a chambers-only viewing protocol for Plaintiff's

business tax returns previously ordered for production in this action—namely, the business returns of Goldberg & Associates, P.C. for the tax years identified in Dkts. 81, 101, and 186 (with the redactions delineated therein) (the "Application").

This Application is prompted by Defendants' public filing and dissemination, in her state action, of materials designated "Attorneys' Eyes Only," contrary to this Court's orders (see Dkt. Nos. 81, 101, 186; see also LASC Case No. 21VECV01054, Opp'n filed July 18, 2025) additionally the documents were use to further harass both Goldberg & Associated Attorneys.

The Application seeks an order: (1) placing the identified business tax returns in the custody of the Court with no service or dissemination; (2) permitting viewing only in court or chambers under Court supervision by counsel of record and any retained expert/consultant who executes an acknowledgment; (3) prohibiting removal, copying, imaging, scanning, photographing, transcription, or notes reproducing raw figures/identifiers; (4) requiring any use at hearings or trial to be under courtroom controls, with any exhibits remaining under seal and any filings made in compliance with C.D. Cal. L.R. 79-5; (5) barring use or filing in any other proceeding; (6) including a Fed. R. Evid. 502(d) provision; and (7) granting such other relief as the Court deems appropriate.

This Application is made pursuant to Fed. R. Civ. P. 26(c), the Court's inherent authority, and C.D. Cal. L.R. 7-19, 79-5, and 79-6, and is based upon this

notice, the accompanying Memorandum of Points and Authorities, the Declaration regarding Notice (L.R. 7-19.1), the records and files in this action, and such further evidence and argument as may be presented prior to or at the time of hearing.

On Wednesday, August 20, 2025, counsel for the parties met and conferred regarding multiple issues, including the public dissemination in the state-court docket of materials designated "Attorneys' Eyes Only" in this action. On August 27, 2025, Plaintiff emailed defense counsel a proposed Joint Stipulation re In Camera Lodging of Plaintiff's Business Tax Returns and Chambers-Only Viewing Protocol with a [Proposed] Order; Defendants' counsel did not respond. In light of that non-responsiveness, on Friday, August 29, 2025, Plaintiff provided notice under C.D. Cal. L.R. 7-19 and 7-19.1 of her intended *ex parte* application for an order establishing Court custody and a chambers-only viewing protocol for Plaintiff's business tax returns. After no response, Plaintiff sent a follow-up email at 11:46 a.m. on September 2, 2025; defense counsel then replied and confirmed that Defendants would oppose the requested relief.

**Opposing Counsel Contact Information (L.R. 7-19):**

Michael D. Labrum, Esq. – Law Offices of Michael Labrum
2625 Townsgate Road, Suite 330, Westlake Village, CA 91361
Tel: (805) 267-1171 | Email: michael@labrumlaw.com

Dated: September 3, 2025                    Respectfully submitted by,

/s/ *Julie A. Goldberg*
Julie A. Goldberg, Esq.
*Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff moves *ex parte* for an order (i) placing into Court custody the business tax returns previously ordered for production in this action—namely, the business returns of Goldberg & Associates, P.C. for the tax years 2017-2024, as identified in the Court's discovery orders at Dkt. Nos. 81, 101, and 186 (with the redactions delineated therein)—and (ii) establishing a chambers-only viewing protocol consistent with those orders.

Immediate relief is necessary for three concrete reasons. First, materials designated for restricted handling (Attorney's Eyes Only or "AEO") described at Dkt. Nos. 81, 101, and 186 in this case were given to Defendant, she reviewed them, wrote a 248 page declaration about them, and then counsel filed them as exhibits to Defendant's declaration on the public docket in Los Angeles Superior Court action (Case No. 21VECV01054). Because those filings are already public, and a regularly noticed motion cannot be heard or afford effective relief in time, *ex parte* relief is the only mechanism to effectuate the Court's prior discovery rulings and to prevent additional dissemination or compelled public filing of the returns at issue. Second, Defendants have pursued and used Plaintiff's identifying information for non-litigation purposes, including retaining a private investigator to follow Plaintiff, harass Pro Bono Domestic Violence Clients and staff as well as

people residing in Plaintiff safe homes; further dissemination of the returns would facilitate additional harassment/surveillance outside the procedures set by this Court, which Court custody and chambers-only access are designed to prevent. Third, Defendants have engaged in witness tampering with Plaintiff's putative experts and another witness—including (i) a March 26, 2024 email to the office of Plaintiff's handwriting expert, Bart Baggett; (ii) communications aimed at persuading Plaintiff's financial expert, Greg Rafaele, to refuse to provide services to Plaintiff; and (iii) a July 24–26, 2024 call with witness Maher Kadmiry seeking to discourage him from providing a declaration and appearing for his July 26 deposition—and have used information they obtain to call and harass current and former employees and 1099 contractors, including hired experts; this pattern underscores the risk of further dissemination or use outside the procedures set by this Court. The requested order mitigates these risks while preserving the parties' ability to litigate.

The Court has authority to enter this relief under Fed. R. Civ. P. 26(c), C.D. Cal. L.R. 79-5 (sealed filings) and L.R. 79-6 (in-camera custody), and the Court's inherent power to enforce and effectuate its discovery orders.

The protocol is non-prejudicial: Defendants will have access in court or chambers by counsel of record (and any retained expert who executes an acknowledgment); any use at hearing or trial will occur under courtroom controls;

and any filing will comply with L.R. 79-5. The order does not expand or reopen discovery, does not alter the redactions set by the Court's Order at Dkt. No. 186, and preserves the status quo while preventing further public dissemination of sensitive information.

## II. <u>SUMMARY OF RELEVANT PROCEDURAL AND FACTUAL HISTORY</u>

1. On April 11, 2024 (Dkt. No. 81, at 2-3), Magistrate Judge Alicia G. Rosenberg issued a minute order after an informal discovery conference that (a) allowed Plaintiff to produce outside-counsel billing records with personal identifying information (e.g., address, phone number, social security number) redacted but not the attorney's name; (b) authorized Plaintiff to designate those bills "Attorneys' Eyes Only" (AEO), subject to Defendants' right to challenge the designation; and (c) directed that AEO documents may not be shown to Defendants and may be shown only to counsel and their staff, retained experts/consultants, court reporters, and any deponent who wrote or received the document.

2. To date, Defendants have not challenged Plaintiff's AEO designations under Dkt. 81.

3. On March 26, 2024, Defendant Laura Ruano sent an email to Plaintiff's handwriting expert's office (Bart Baggett) asserting Plaintiff and colleagues

were under "criminal investigation," asking whether they had been retained, and offering to send "documentation" and bar "case numbers," which Plaintiff identifies as witness tampering. (Dkt. No. 76, at 2).

4. Separately, Defendant engaged in witness tampering with Plaintiff's financial expert, Greg Rafaele, aimed at inducing him to refuse or cease providing expert services to Plaintiff; give the same information to him and his staff asserting Plaintiff and colleagues were under "criminal investigation," asking whether they had been retained, and offering to send "documentation" and bar "case numbers," which is the third time Defendant tampered with Plaintiff's witness.

5. On June 7, 2024, the Court's minutes (Dkt. No. 101, at 2) confirmed the scope and handling of financial records and tax-return-related materials: Plaintiff "may redact account numbers" in documents evidencing payments and "may designate such documents as attorneys eyes only under the Order dated April 11, 2024 (Dkt. No. 81)."

6. To date, Defendants have not challenged Plaintiff's Attorney Eyes Only designations under Dkt. 101.

7. On July 26, 2024, nonappearance was recorded for the subpoenaed deposition of Maher Kadmiry (set for 2:30 p.m. at Plaintiff's office) (Dkt. No. 142). On the record, Plaintiff noted Mr. Kadmiry had asked for a subpoena, selected the date, and then, after "Laura" called, he "now… doesn't want to testify," which

Plaintiff identifies as additional witness tampering. (See **Exhibit A**, Transcript of Phone Call with Plaintiff's Witness Maher Kadmiry, at 11).

8. On August 25, 2024, the Court adopted the tentative ruling on Defendants' motion to compel tax returns (Dkt. No. 186), compelling production of Plaintiff's law-practice "business tax returns" (Goldberg & Associates, P.C.), expressly excluding personal/individual returns, allowing enumerated redactions, and ordering completion of production by September 6, 2024.

9. Three days later at the September 9, 2024, discovery conference (Dkt. No. 198) before Magistrate Judge Alicia G. Rosenberg, the Court addressed discovery regarding Mr. Monteleone's deposition in light of his medical condition.

10. On September 11, 2024, the parties filed a Joint Stipulation to stay the case and all discovery based on Mr. Monteleone's health (Dkt. No. 199), and on September 13, 2024, the Court granted a 90-day stay (Dkt. No. 200).

11. On November 20, 2024, the parties filed a Second Joint Stipulation to continue the stay due to ongoing health issues (Dkt. No. 202), which recounts the September 16, 2024 order granting the initial 90-day stay.

12. On November 22, 2024, the Court granted the second stay (Dkt. No. 203).

13. On February 24, 2025, Defendants filed an *ex parte* application for a further 90-day stay due to Mr. Monteleone's medical condition (Dkt. No. 205).

14. On March 7, 2025, the Court granted a further stay and modified case dates

(Dkt. No. 207).

15. On June 3, 2025, Defendants filed a second *ex parte* application seeking a fourth 90-day stay (Dkt. No. 208).

16. On June 4, 2025, Plaintiff filed an opposition to the renewed stay application (Dkt. No. 209), contesting further delay and addressing Defendant Monteleone's condition and scheduling.

17. On June 5, 2025, the Court issued a text-only scheduling notice setting a June 12, 2025 status conference and requiring a status report identifying completed and remaining discovery (Dkt. No. 211).

18. On June 12, 2025 (Dkt. No. 215), the Court denied Defendants' renewed *ex parte* request for a further stay and reiterated the case would proceed on the existing schedule as ordered at Dkt. No. 207.

19. On June 13, 2025, one day after the stay was lifted, outgoing counsel Jonathan Gerber emailed that Miller Miller Gerber LLP was being substituted out and directed Plaintiff to coordinate production with incoming counsel Michael Labrum ("We are being subbed out of the case… Please coordinate with new counsel (Mr. Labrum) to coordinate"). (See **Exhibit B**, Email from Defendants' former counsel, Jonathan Gerber, to Plaintiff, dated June 13, 2025).

20. On June 24, 2025, Defendants' Counsel filed their Requests for Approval of Substitution or Withdrawal of Counsel. The Court granted the requests on June

26, 2025. (See Dkt. Nos. 222-226)

21. On July 18, 2025, in Los Angeles Superior Court Case No. 21VECV01054, after Defendants lost their appeal on the granting of Plaintiff's anti-slapp, Defendants filed their Opposition to Plaintiff's Motion for Attorney's Fees and Costs, supported by the Declaration of Defendant Laura R. Ruano (now known as Laura R. Monteleone) and exhibits; those filings placed on the public docket are materials falling within the categories this Court authorized for Attorney Eyes Only handling (as reflected in Dkt. Nos. 81, 101, and 186).

22. Counsel tried through several means to have the documents removed from the public docket and to meet and confer regarding the violation of the court order and outstanding discovery to no avail.

23. On August 20, 2025, counsel finally met and conferred by telephone regarding, among other issues, the state-court public filing of Attorney's Eyes Only material and a secure method for producing the returns. Plaintiff stated she would circulate a joint stipulation and [proposed] order implementing Court custody and chambers-only viewing for the business tax returns prior to filing a motion.

24. On August 27, 2025, Plaintiff emailed Defendants' counsel the Proposed Joint Stipulation re In Camera Lodging of Plaintiff's Business Tax Returns and Chambers-Only Viewing Protocol; [Proposed] Order. (See **Exhibit C**, Email

from Plaintiff to Defendants' Counsel dated August 27, 2025; [Proposed] Joint Stipulation Regarding In Camera Lodging Of Plaintiff's Business Tax Returns And Chambers-Only Viewing Protocol with a [Proposed] Order).

25. Defendants did not respond. On August 29, 2025, Plaintiff gave L.R. 7-19/7-19.1 notice of this *ex parte* application; after no response, Plaintiff sent a follow-up at 11:46 a.m. on September 2, 2025, and Defendants then confirmed they oppose the requested relief.

## III. LEGAL ARGUMENT

### A. Rule 26(c) Authorizes Custody And Controlled Access; Local Rules 79-6 And 79-5 Supply The Mechanisms

Under Fed. R. Civ. P. 26(c), the Court may, for good cause, "specify terms… for disclosure," limit who may access materials, and otherwise protect a party from harassment, annoyance, embarrassment, or undue harm, including by prescribing the method of disclosure. Fed. R. Civ. P. 26(c)(1)(A), (E), (G). The Supreme Court has confirmed that protective orders limiting dissemination of information obtained through discovery do not offend the First Amendment when supported by good cause and narrowly tailored to discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33–37 (1984); see *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (trial courts have broad discretion to shape protective orders). This District's rules supply the procedural vehicles: L.R. 79-6 (in-camera/court custody) and L.R. 79-5 (sealed filings).

Good cause is present here. The returns at issue are already defined by the Court's orders—business tax returns of Goldberg & Associates, P.C., with specified redactions and AEO handling (Dkt. Nos. 81, 101, 186)—and Defendants have not challenged those designations. After the stay lifted, materials within the Court-defined AEO categories were publicly filed in the related state action (July 18, 2025),and use to harass associated attorneys creating an ongoing risk of further dissemination outside the Court's processes. The record also shows witness tampering (the March 26, 2024 email to the handwriting expert's office; the July 26, 2024 Kadmiry call) and use of Plaintiff's identifying information outside litigation channels (including retaining a private investigator to follow Plaintiff), heightening the risk of non-judicial use. Placing the defined returns in Court custody with chambers-only access implements the Court's existing rulings, prevents further misuse of discovery-obtained information (which *Seattle Times* permits), and leaves intact any ability to use the same information if obtained independently. Any future filing would proceed, if necessary, under L.R. 79-5.

**B. Ex Parte Relief Is Appropriate Under L.R. 7-19/7-19.1 And Mission Power Because Effective Relief Cannot Be Obtained By Regular Notice**

*Ex parte* relief is appropriate where (1) the movant will be irreparably prejudiced if required to proceed by regularly noticed motion, and (2) the need for speed is not of the movant's own making. *Mission Power Eng'g Co. v. Cont'l Cas.*

*Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); see C.D. Cal. L.R. 7-19, 7-19.1 (notice and declaration requirements).

Both prongs are satisfied. First, the prejudice is ongoing and not remediable by regular notice: materials within the Court-defined AEO categories (Dkt. Nos. 81, 101, 186) have already been publicly filed in the related state action (July 18, 2025), and further dissemination or compelled public filing remains a present risk absent immediate Court custody and chambers-only controls. Second, the exigency arises from events outside Plaintiff's control: the stay lifted June 12, 2025; outgoing counsel announced substitution June 13; substitution was filed/entered June 24/26 (Dkt. Nos. 222–26); Defendants then publicly filed AEO categories July 18; counsel met and conferred Aug. 20; Plaintiff circulated a targeted joint stipulation Aug. 27. When Defendants did not agree, Plaintiff provided L.R. 7-19/7-19.1 notice Aug. 29 and a Sept. 2 follow-up—Defendants confirmed they oppose. That sequence reflects prompt, continuous steps; the urgency stems from Defendants' public filing and witness tampering (Mar. 26, 2024 email; July 26, 2024 call) and the use of identifying information outside litigation channels (including retention of a private investigator).

### C. The Requested Order Is Narrowly Tailored And Non-Prejudicial

The relief tracks what the Court has already ordered. It applies only to the business tax returns of Goldberg & Associates, P.C. identified in ECF Nos. 81, 101,

and 186, preserves the permitted redactions and AEO handling, and does not reopen or expand discovery. It simply shifts custody to the Court and limits access to chambers-only review by counsel of record, with no removal/copying and any use at hearing or trial under courtroom controls; any filing proceeds under L.R. 79-5. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33–37 (1984) (good-cause protective controls on discovery dissemination are proper); *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (broad discretion to tailor Rule 26(c) protection).

      Defendants suffer no prejudice: they keep meaningful access for litigation purposes (supervised inspection and expert assistance) and remain free to use any independently obtained information; the order governs only material produced through discovery. *Seattle Times*, 467 U.S. at 33–34. By contrast, the risk of harm is concrete and ongoing given the July 18, 2025 public filing in the related state case, the uncontested AEO designations, and the record of witness tampering and use of identifying information outside litigation channels (including retention of a private investigator). Court custody and chambers-only access are therefore the least-intrusive means to enforce the Court's prior rulings, protect third-party identifiers, and preserve the status quo while the case proceeds on the merits.

//

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this ex parte application and enter the [Proposed] Order placing the defined business tax returns in Court custody with chambers-only viewing consistent with ECF Nos. 81, 101, and 186, with any filings to proceed under L.R. 79-5. Plaintiff further requests such other and further relief as the Court deems just and proper.

Dated: September 3, 2025                         Respectfully submitted by,

**GOLDBERG & ASSOCIATES**

/s/ *Julie A. Goldberg*
Julie A. Goldberg, Esq.
*Plaintiff*

# **DECLARATION OF JULIE ANN GOLDBERG RE NOTICE (C.D. CAL. L.R. 7-19.1)**

I, Julie A. Goldberg, declare:

1. I am the Plaintiff, I have personal knowledge of the facts stated herein and, if called, could and would testify competently to them. This declaration is submitted pursuant to C.D. Cal. L.R. 7-19.1 in support of Plaintiff's *Ex Parte* Application for Order Establishing Court Custody and Chambers-Only Viewing Protocol for Plaintiff's Business Tax Returns.

2. The Application seeks a custody/inspection protocol for Plaintiff's business tax returns previously ordered for production—namely, the business returns of Goldberg & Associates, P.C., for the tax years identified at Dkt. Nos. 81, 101, and 186 (with the redactions delineated therein). Given (a) the Court's prior directives regarding these returns, (b) prior mishandling of protected materials cited in our papers, and (c) the need to prevent dissemination pending Court guidance, relief is required now rather than on regular notice; otherwise, Plaintiff faces irreparable prejudice from potential disclosure or filing of sensitive financial information.

3. <u>Opposing Counsel Contact Information:</u>

    Michael D. Labrum, Esq. – Law Offices of Michael Labrum

    2625 Townsgate Road, Suite 330, Westlake Village, CA 91361

16

Tel: (805) 267-1171 | Email: michael@labrumlaw.com

4. On Friday, August 29, 2025, I provided written *ex parte* notice by email to Defendants' counsel, Michael D. Labrum, Esq., advising that Plaintiff intended to file the *Ex Parte* Application on Tuesday, September 2, 2025, via ECF, describing the specific relief sought, and requesting Defendants' position by Monday, September 1, 2025, at 5:00 p.m. I also attempted telephonic notice on August 29, 2025.

5. On Tuesday, September 2, 2025, at 11:46 a.m., I sent a follow-up email to Mr. Labrum again requesting Defendants' position. Defendants' counsel then replied and confirmed that Defendants oppose the requested relief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 3, 2025, at Sherman Oaks, California.

/s/ *Julie A. Goldberg*
Julie A. Goldberg, Esq.
**GOLDBERG & ASSOCIATES**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14370 Ventura Boulevard, Sherman Oaks, California 91423. On September 3, 2025, I served the foregoing document described as **PLAINTIFF JULIE ANN GOLDBERG'S *EX PARTE* APPLICATION FOR ORDER ESTABLISHING COURT CUSTODY AND CHAMBERS-ONLY VIEWING PROTOCOL FOR PLAINTIFF'S PRODUCTION OF BUSINESS TAX RETURNS** on the following parties in this action, as follows:

LAW OFFICES OF MICHAEL LABRUM
MICHAEL D. LABRUM (SBN 284403)
2625 Townsgate Road, Suite 330 (Third Floor)
Westlake Village, CA 91361
Telephone: (805) 267-1171
Facsimile: (805) 852-2164
Michael@LabrumLaw.com
*Counsel for Plaintiffs Laura R. Monteleone and Thomas A. Monteleone*

   [X] **BY ELECTRONIC SERVICE**: Pursuant to CCP § 1010.6(a)(4), I caused such document(s) to be electronically served, at the following email address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2025, in Los Angeles, California.

_____
Christopher Feliciano