UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV-23-02395-GW (AGRx)            Date: September 23, 2025

Title    Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

Present: The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings: (IN CHAMBERS) REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR TERMINATING SANCTIONS OR, ALTERNATIVELY, EVIDENTIARY AND MONETARY SANCTIONS (Dkt. 127)**

       On July 17, 2024, Defendants filed a motion for terminating sanctions or, alternatively, an award of (1) evidentiary sanctions precluding Plaintiff from presenting evidence of damages from (a) outside attorneys fees and costs; (b) diversion of firm resources; (c) lost income; and (d) injury to reputation; and (2) monetary sanctions in the amount of $31,941.00.  (Dkt. No. 127.)  The motion was referred to this court for report and recommendation.  (Dkt. No 131.)  Plaintiff filed an opposition and cross-request for monetary sanctions in the amount of $3,875.  (Dkt. No. 149.)  Defendants filed a reply.  (Dkt. No. 162.)  Pursuant to court order, Plaintiff filed a surreply.  (Dkt. Nos. 170-171.)  The matter came on for hearing on August 15, 2024.  The court ordered Plaintiff to re-produce Mr. Keleti's redacted bank statements and evidence of payments by August 19, 2024 and took the motion for sanctions under submission.  (Dkt. No. 181.)

       Thereafter, on September 11, 2024, the parties filed a stipulation to stay the case.  (Dkt. No. 199.)  The case was stayed during the period September 13, 2024 through June 12, 2025.  (Dkt. Nos. 200, 203, 207, 215.)  When the stay was lifted, fact discovery was set to close on July 28, 2025; and expert discovery was set to close on August 28, 2025 pursuant to the scheduling order.  (Order, Dkt. Nos. 207, 221.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-02395-GW (AGRx)                                             Date: September 23, 2025

Title      Julie Ann Goldberg v. Laura Rachel Ruano, et. al.


### I.     *Legal Standards*

Defendants seek sanctions under two sources of authority:  Fed. R. Civ. P. 37 and a federal court's inherent authority.[1]

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  The burden is on the moving party to show a violation of a court order.  *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (civil contempt).  Sanctions may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
(iii)   striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or

---

[1] Plaintiff argues that the court should deny Defendants' motion for failure to meet and confer prior to filing the motion.  Plaintiff's argument is not well taken.  It is undisputed that Defendants attempted to confer about the motion for sanctions, but Plaintiff insisted that the conference also address Plaintiff's discovery issues as opposed to having separate conferences.  (Palmer Decl. ¶¶ 2-7; Opp. at 9.)  Local Rule 37-1 does not require Defendants to delay their conference until counsel prepared for other, possibly unrelated discovery issues.  Having declined to confer about the sanctions motion alone, Plaintiff should not be heard to complain that the parties did not confer before Defendants filed the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-02395-GW (AGRx)                                                                 Date: September 23, 2025

Title      Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

    Before imposing terminating sanctions, a court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024) (citation omitted).

    Under the court's inherent authority, terminating sanctions are appropriate only when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The court examines the same five factors described above. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

    A court may use its inherent authority to impose evidentiary sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47 (1991)); *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). It is improper, however, "'to infer nefarious intent or bad faith' from 'ordinary discovery errors.'" *Reinsdorf v. Skechers USA, Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) (citation omitted).

    An attorneys fee award based on the court's inherent authority "is limited to the fees the innocent party incurred solely because of the misconduct – or put another way, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-02395-GW (AGRx)                                             Date: September 23, 2025

Title   Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017).

### *II.   Evidentiary Sanctions*

Although it is not entirely clear, Defendants' motion for sanctions appears to be based on the argument that Plaintiff failed to produce "any damages analysis whatsoever" in response to Defendants' document requests and court orders compelling production. (Motion at 7.)

Therefore, the court first considers Defendants' alternative motion for evidentiary sanctions to preclude Plaintiff from presenting evidence of damages from (a) outside attorneys fees and costs; (b) diversion of firm resources; (c) lost income; and (d) injury to reputation. An evidentiary sanction must be "just" and "specifically related to the particular 'claim' that was at issue in the order to provide discovery." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (citation omitted).

Pursuant to the Order dated January 5, 2024, the court ordered Plaintiff to serve supplemental responses to Defendants' first set of requests for production of documents pursuant to Fed. R. Civ. P. 34 by January 22, 2024. The court continued to the discovery conference to February 6 (later continued to February 7, 2024) and ordered the parties to file a joint report that listed each document request in dispute. (Order, Dkt. No. 39.) Plaintiff states that she served the supplemental responses by January 22, 2024 as ordered, (Opp. at 4), and Defendants do not contend otherwise.

In the joint report, the parties listed four document requests directed to damages.[2] Based on the discussion at the discovery conference, the Order dated February 7, 2024 listed the categories of documents to be produced by Plaintiff. (Order, Dkt. No. 46.)

---

[2]   The other two document requests were directed to jurisdiction (Request No. 5) and liability (Request No. 6). The court assumes that these requests are not at issue in Defendants' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV-23-02395-GW (AGRx)                                                          Date: September 23, 2025

Title       Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

### A. Attorneys' Fees and Costs

The court ordered Plaintiff to produce the following:

(a) original bills from outside counsel redacted to exclude information /bills about matters that do not form the basis of her claim of damages in this lawsuit;
(b) payments made by Plaintiff (including by check, wire, Zelle, or other payment method), redacted to exclude information/payments for matters do not form the basis of her claim of damages in this lawsuit;
(c) transmittal or cover emails or memoranda redacted to exclude information about matters that do not form the basis of her claim of damages in this case.

(Order, Dkt. No. 46.) In addition, Plaintiff was ordered to produce the final version of the documents that form the basis of her claim of damages in this case. For example, if Plaintiff seeks damages for having to file a demurrer, then Plaintiff would produce a copy of the final demurrer she or her law firm filed. (*Id.*)

The court originally ordered Plaintiff to complete this production by March 22, 2024 in light of the May 31, 2024 discovery cut-off date in effect at the time. (*Id.*) The court later extended the date for production of responsive documents in (a), (b), and (c) as to counsel other than Mr. Keleti to April 10, 2024. (Order dated April 9, 2024, Dkt. No. 79.) On April 11, 2024, however, the court addressed third party objections to Plaintiffs' production and permitted certain redactions. (Order dated April 11, 2024, Dkt. No. 81.) In the meantime, the Order dated April 9, 2024 required Plaintiff to inform Defendants, by April 11, 2025, whether she could complete production of the same categories of documents as to the bills of Mr. Keleti by April 14, 2025 in light of his illness. (Order dated April 9, 2024, Dkt. No. 79.) Mr. Keleti produced documents by April 14, 2024. (Opp. at 6.) By Order dated June 7, 2025, the court permitted certain additional redactions and ordered that production be completed by June 14, 2024. (Order, Dkt. No. 101 at 2.)

Defendants do not satisfy their burden of showing a violation of a court order. Plaintiff states that she completed the production of documents within categories (a), (b),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV-23-02395-GW (AGRx)                                              Date: September 23, 2025

Title     Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

and (c) with permissible redactions by June 14, 2024.  (Opp. at 6 (Mr. Keleti), 7-8 (other counsel).)  Although Defendants claim that Mr. Keleti's production was "woefully deficient" (Gerber Decl. ¶ 16), Defendants' argument is conclusory.  Defendants do not provide a record sufficient for this court to conclude that Plaintiff's production of documents was deficient.  The same is true with respect to the rest of the June 14, 2024 production.  (Gerber Decl. ¶ 20.)  While Defendants claim that the financial institution was redacted, Plaintiff represents that the third party attorney produced statements that showed the financial institution and the wire transfers from Plaintiff, with all other bank transactions redacted.  At the hearing on August 15, 2024, Plaintiff represented that the documents had been produced with permissible redactions and the court ordered the re-production by August 19, 2024.  (Order, Dkt. No. 181.)

As to the bulk production of pleadings and other documents that form the basis of her claim of damages in this case, the court addresses the production in the next section to avoid repetition.

It is recommended that the motion for evidentiary sanctions in the form of a court order precluding Plaintiff from presenting evidence of attorneys fees and costs as damages be denied.

### B. *Diversion of Firm Resources*

The court ordered Plaintiff to produce the following:

(d) documents sufficient to show the salary or wages paid to internal employees who worked on the matters that form the basis of her claim of damages in this lawsuit;

(e) task lists and possibly other documents such as calendars that would aid in identifying the percentage of time the internal employees worked on the matters that form the basis of her claim of damages in this lawsuit.

(Order, Dkt. No. 46.)  In addition, as set forth in the previous section, Plaintiff was ordered to produce the final version of the documents that form the basis of her claim of damages in this case.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV-23-02395-GW (AGRx) | Date: September 23, 2025 |
| Title  Julie Ann Goldberg v. Laura Rachel Ruano, et. al. | |

The court originally ordered Plaintiff to complete this production by March 22, 2024 in light of the May 31, 2024 discovery cut-off date in effect at the time. (*Id.*) The deadline for production was later extended to July 5, 2024. (Order dated June 7, 2024, Dkt. No. 101 at 2.)

Plaintiff explains that, on July 5, 2024, she reached out to defense counsel about delivery of the physical document production. According to Plaintiff, defense counsel refused to accept physical documents and provided only an online drop box. (Opp. at 8.) Therefore, the next day, Plaintiff filed a motion for an extension of time to complete delivery of the production and for an order requiring Defendants to accept the production of physical documents. (Dkt. No. 105.) Plaintiff states that the the physical documents arrived on July 9, 2024. (Opp. at 8-9.) Defendants agree. (Gerber Reply Decl. ¶ 3.) By Order dated July 26, 2024, the court acknowledged that Plaintiff had already delivered the physical documents. Therefore, that portion of the motion appeared moot. The court granted Plaintiff's motion as to a different category of documents and extended the time to July 22, 2024. (Order, Dkt. No. 151.)

Defendants argue that this "document dump" does not contain any damages analysis. (Gerber Decl. ¶ 21.) Rule 34, however, requires the responding party to produce documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). Thus, "Rule 34 only requires a party to produce documents that are already in existence." *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000). "A party cannot be compelled to create, or cause to be created, new documents solely for their production" in response to a Rule 34 document request. *Paramount Pictures Corp. v. Replay* TV, 2002 U.S. Dist. LEXIS 28126, *9 (C.D. Cal. May 30, 2002); *see also Alexander*, 194 F.R.D. at 310 (same); *Lamon v. Adams*, 2015 U.S. Dist. LEXIS 53017, *6 (E.D. Cal. Apr. 22, 2015) ("'Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but it can only be used to require the production of things in existence.'") (citation omitted).

"Nor can a Court issue sanctions based on a party's failure to create evidence" in response to Rule 34 document requests. *Id.* Plaintiff was not obligated to create a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-02395-GW (AGRx)                                                                 Date: September 23, 2025

Title   Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

damages analysis in response to Document Request No. 1.  Plaintiff repeatedly represented that she did not have contemporaneous billing records other than the bills submitted by outside counsel.  Plaintiff therefore produced the documents underlying her claim for attorneys fees and costs during the fact discovery period.

To the extent Defendants complain that Plaintiff's production arrived four days late, Defendants do not dispute that Plaintiff requested a location to deliver the physical documents on July 5, the court-ordered deadline.  Having declined to accept physical delivery on July 5, Defendants should not be heard to complain that the documents arrived four days later.  Moreover, Defendants do not show any prejudice from a four-day delay in arrival.  The July 9 production consisted of documents underlying the claim for attorneys fees and costs.  Fed. R. Evid. 1006 (permitting admission of summary, chart, or calculation at trial to prove content of voluminous writings when underlying documents made available for examination or copying).  As Defendants note, the underlying documents are not useful without the summary that would be produced later during expert discovery.  *See Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1102 (9th Cir. 1981) (affirming district court's decision not impose sanctions for delay in producing documents when opposing party did not suffer prejudice).

It is recommended that the motion for evidentiary sanctions in the form of a court order precluding Plaintiff from presenting evidence of attorneys fees and costs, or diversion of firm resources, be denied.

### C.  Lost Income and Injury to Reputation

At the time of the February 7, 2024 discovery conference, Plaintiff did not know what types of documents would support these categories of damages until she consulted with experts. (Order, Dkt. No. 46 at 1.)  The court urged Plaintiff to keep the applicable discovery cut-off dates in mind.  (*Id.* at 2-4.)  Subsequently, based on the parties' agreement, the court ordered Plaintiff to complete her document production in these categories by March 29, 2024 with the exception of expert-related documents.  (Order dated February 20, 2024, Dkt. No. 49.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-02395-GW (AGRx)                                                      Date: September 23, 2025

Title        Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

    Defendants do not appear to contend that Plaintiff failed to produce documents as ordered by the court as to either lost income or injury to reputation.  It is recommended that Defendants' motion for evidentiary sanctions in the form of a court order precluding Plaintiff from presenting evidence of lost income and injury to reputation be denied without prejudice to Defendants' ability to file a motion in limine to exclude evidence of the law firm's tax returns.[3]

### III.     *Terminating Sanctions*

    It follows from the discussion above that terminating sanctions are not warranted in this case.  As discussed above, a court must consider:  "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Transamerica*, 93 F.4th at 1146 (citation omitted); *Anheuser-Busch*, 69 F.3d at 348.

    The first two factors "are typically considered together" and "relate to docket-management issues." *Transmerica*, 93 F.4th at 1147.  The risk of prejudice "examines the extent to which the recalcitrant parties' conduct creates a risk of either 'impair[ing] the [opposing party's] ability to go to trial' or 'interfer[ing] with the rightful decision of the case.'" *Id.* (citation omitted).  The public policy favoring disposition of cases on their merits "always weighs against a default judgment, and often 'strongly' so." *Id.* (citation omitted).  Nevertheless, this factor is not dispositive and terminating sanctions may still be warranted "'where at least four factors support [a default judgment] or where at least three factors "strongly" support' such a judgment." *Id.* (citation omitted).  In assessing the availability of less drastic sanctions, a court also considers whether it had implemented lesser sanctions before imposing terminating sanctions, and whether the

---

[3] The court notes that Defendants' recent opposition, filed on September 10, 2025, to Plaintiff's ex parte application appeared to argue that the court should issue sanctions based on Plaintiff's subsequent failure to produce her law firm's tax returns as ordered in the Order dated August 25, 2024.  (Dkt. No. 244 at 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-23-02395-GW (AGRx)                                       Date: September 23, 2025

Title     Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

court had warned the offending party of the possibility of terminating sanctions. *Id.* at 1148.

Here, all of the factors weigh against terminating sanctions with the sole possible exception of the third factor, which may weigh slightly in favor of sanctions. The first two factors weigh against terminating sanctions. Even the four-delay in the arrival of the document production ordered by the Order dated June 7, 2024, Dkt. No. 101, is at least partially attributable to Defendants, who did not accept delivery of the physical documents on July 5, 2024, the court-ordered deadline. In any event, the four-day delay did not affect the court's need to manage its docket or the public's interest in the expeditious resolution of the case. *Transmerica*, 93 F.4th at 1147. As discussed above, Defendants have not shown a risk of prejudice (the third factor) from the four-day delay or any other delay in production of the documents at issue in the motion for terminating sanctions. Those documents were produced no later than July 9, 2024, just over one year before the extended fact discovery cut-off date of July 28, 2025 and the expert discovery cut-off date of August 28, 2025. (Orders, Dkt. Nos. 207, 221.) At best, this factor weighs only slightly in favor of sanctions. The public policy favoring disposition of the case on the merits (the fourth factor) strongly weighs against terminating sanctions. The fifth factor also weighs against sanctions because the documents at issue in the motion were ultimately produced within the discovery period and the court did not warn of the possibility of terminating sanctions.

It is recommended that Defendants' motion for terminating sanctions be denied.[4]

---

[4] Defendants attempt to raise an additional, unrelated reason for terminating sanctions in the reply brief. (Dkt. No. 162.) Defendants claim that they inadvertently produced privileged documents bearing bates stamp numbers 1328, 1330, 1332, 1342-43, 1373, 1379, 1410, 1512-90. (Gerber Reply Decl. ¶ 4 & Exh. K.) The court declines to address an argument raised for the first time in the reply brief. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Moreover, Defendants did not provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or otherwise show that these documents are privileged under attorney client privilege and/or work product doctrine. Absent such a threshold showing, Defendants are not entitled to terminating sanctions. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-23-02395-GW (AGRx)                                          Date: September 23, 2025

Title    Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

### IV. *Monetary Sanctions*

Each side seeks monetary sanctions against the other side. Because this portion of the motions is not dispositive, the court denies the request for monetary sanctions and does not issue a report and recommendation. 28 U.S.C. § 636. The parties have been unable to cooperate in discovery, as exemplified by their inability to schedule a conference of counsel before Defendants filed the motion or schedule the delivery of Plaintiff's document production on July 5, 2024. The court responded with regular discovery conferences during the discovery period in order to move the case along to disposition on the merits. When, as here, both sides bear some fault, a court may exercise its discretion to decline monetary sanctions. *See Garcia v. Cty. of Riverside Sheriff Dep't*, 2024 U.S. Dist. LEXIS 132774, *4 (C.D. Cal. July 2, 2024) (denying cross

---

Defendants cite *McDermott Will & Emery LLP v. Superior Court*, 10 Cal. App. 5th 1083 (2017), the party in that case established that the documents were privileged and sought disqualification of opposing counsel. "In the context of inadvertently disclosed, attorney-client communications, 'mere exposure' to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification." *Id.* at 1120 (internal quotations and citation omitted). Disqualification is not available solely on opposing party's failure to follow its duties under Fed. R. Civ. P. 26(b)(5)(B). *Id.* at 1121. The moving party must show, in addition, "a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation." *Id.* at 1120. The court must make the requisite factual findings. *Id.* at 1121.

By contrast, in this case, Defendants have not provided a privilege log or otherwise made a showing that the documents are privileged and fall outside both (1) Defendants' limited waiver of the attorney client privilege in this case and (2) the court's finding that Plaintiff made a prima facie showing of the crime/fraud exception. (Order dated June 7, 2024, Dkt. No. 100.) Defendants have relied solely on Plaintiff's alleged failure to comply with Fed. R. Civ. P. 26(b)(5)(B), which is not sufficient under *McDermott*. Defendants have made no showing of a reasonable probability that Plaintiff obtained information that would likely be used advantageously against Defendants during the litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-23-02395-GW (AGRx)                                          Date: September 23, 2025

Title    Julie Ann Goldberg v. Laura Rachel Ruano, et. al.

requests for monetary sanctions when "both sides bear fault"); *Edwards v. Lynx Grills*, 2014 U.S. Dist. LEXIS 206520, *4 (C.D. Cal. Oct. 28, 2014) (same).

### V.    *Recommendation*

For the reasons set forth above, it is recommended that the District Court issue an order (1) accepting this Report and Recommendation; (2) denying Defendants' motion for terminating sanctions; and (3) denying Defendants' alternative motion for evidentiary sanctions without prejudice to Defendants' ability to file a motion in limine to preclude Plaintiff from presenting evidence of the information in her law firms' tax returns.

### VI.    *Order*

IT IS ORDERED that Defendants' alternative motion for monetary sanctions and Plaintiff's cross-motion for monetary sanctions are DENIED.


cc: District Judge George H. Wu

**Initials of Preparer**   kl