# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN GOLDBERG, an individual;<br><br>*Plaintiff,*<br><br>v.<br><br>LAURA RACHEL RUANO, an individual; and<br>THOMAS MONTELEONE, an individual;<br><br>*Defendants.* | Case No.: CV 23-2395-GW-AGRx<br><br>[*Assigned to the Honorable George H. Wu*]<br><br>**ORDER DECLARING DEFENDANTS LAURA RACHEL RUANO AND THOMAS MONTELEONE VEXATIOUS LITIGANTS AND IMPOSING PRE-FILING ORDER** |

The Court issued its Tentative Ruling on Plaintiff's Vexatious Litigant Claims as to Defendants (Dkt. 277) and, on December 18, 2025, after oral argument, adopted that Tentative Ruling as the Court's Final Ruling (Dkt. 279). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and Local Rule 83-8.4, and consistent with the Court's Final Ruling, the Court **ORDERS** as follows:

1. Plaintiff's vexatious-litigant request is **GRANTED** to the extent it seeks (a) a vexatious-litigant designation and (b) a narrowly tailored pre-filing restriction.

**Adequate Record and Findings**

2. The Court finds that Defendants Laura Rachel Ruano and Thomas Monteleone ("Defendants") have engaged in a pattern of vexatious litigation conduct warranting a pre-filing order, and that a pre-filing restriction is

1

necessary to curb abusive, harassing, or duplicative filings while preserving access to the courts for non-frivolous claims.

3. The record supporting this Order includes, at minimum, Defendants' related litigation arising from the same underlying alleged conflict-of-interest theory, including:

    a. *Ruano v. Goldberg, et al.*, Los Angeles Superior Court Case No. 21VECV01054;

    b. *Monteleone v. Goldberg*, Los Angeles Superior Court Case No. 22VECV00402; and

    c. *Monteleone et al. v. Goldberg, et al.*, Los Angeles Superior Court Case No. 25STCV14280.

4. The Court further finds that the "specific vice encountered" is Defendants' repeated efforts to relitigate or repackage, in new actions, claims and issues arising from the same underlying alleged conflict of interest (i.e., Plaintiff's alleged prior legal representation of Ruano and Plaintiff's later representation of Ruano's ex-husband in divorce proceedings), including attempts to reopen or relitigate facts and issues decided (or that could have been decided) in the prior actions identified above.

//

//

//

**Vexatious-Litigant Designation**

5. Defendants Laura Rachel Ruano and Thomas Monteleone are **DECLARED** vexatious litigants for purposes of the pre-filing restrictions imposed by this Order.

**Narrowly Tailored Pre-Filing Restriction**

6. Defendants are **ENJOINED** from filing, commencing, or attempting to initiate any new civil action, petition, or other proceeding in the United States District Court for the Central District of California against Plaintiff Julie Ann Goldberg that:

    a. relates to the purported conflict of interest arising from Plaintiff's alleged prior legal representation of Ruano and Plaintiff's representation of Ruano's ex-husband in divorce proceedings; or

    b. arises from, relates to, seeks to reopen, relitigate, or otherwise pursues claims or issues based on the facts and issues decided (or that could have been decided) in any of the three civil actions identified in paragraph 3, unless Defendants first obtain leave of Court pursuant to the procedure set forth below.

**Pre-Filing Procedure (Leave of Court)**

7. To obtain leave of Court, Defendants must file an application in this action titled "*Application for Leave to File Pursuant to Vexatious Litigant Order*", which must:

    a. attach a copy of this Order;

    b. attach the proposed initiating pleading Defendants seek to file; and

    c. include a declaration under penalty of perjury stating that the proposed filing: (i) is not duplicative of any claim previously asserted against Plaintiff based on the subject matters described in paragraph 6, (ii) is not frivolous, and (iii) is brought in good faith and not for an improper purpose (including harassment or delay).

8. The Court may deny an Application for Leave without hearing. If leave is granted, the Clerk shall be authorized to file the initiating pleading in the manner directed by the Court.

**Clerk Instructions**

9. The Clerk of Court is **DIRECTED** not to file any new action or initiating pleading submitted by Defendants that falls within the scope of paragraph 6 unless and until the Court grants leave pursuant to paragraph 8.

**Scope Limitations**

10. Nothing in this Order:

    a. restricts Defendants from filing papers in this action (Case No. 2:23-cv-02395-GW-AGR) as permitted by the Federal Rules of Civil Procedure and Court orders;

    b. restricts Defendants from filing a notice of appeal from an appealable order or judgment; or

    c. imposes any blanket restriction on claims outside the narrowly defined subject matters in paragraph 6.

**Unfounded Complaints to Federal Governmental Agencies; Retained Jurisdiction; Sanctions**

11. Consistent with the Court's statements on the record on December 18, 2025, the Court retains jurisdiction to enforce this Order. If Plaintiff contends that a person subject to this Order has made unfounded complaints concerning Plaintiff to any federal governmental agency—including, by way of example, the Federal Bureau of Investigation; the United States Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Customs and Border Protection; any Joint Terrorism Task Force; or any federal agency that regulates or oversees the practice of law—Plaintiff may file an appropriate motion in this action seeking sanctions. Plaintiff bears the burden to establish any alleged violation and that the complained-of conduct is unfounded and sanctionable. This paragraph is limited to federal governmental agencies.

**IT IS SO ORDERED.**

Dated: December 29, 2025

_____
HON. GEORGE H. WU,
United States District Judge