UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-2395-GW-AGRx | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Julie Ann Goldberg v. Laura Rachel Ruano, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     **IN CHAMBERS - TENTATIVE RULING ON ORDER TO SHOW CAUSE WHY THIS COURT SHOULD ADOPT MAGISTRATE JUDGE ROCCONI'S REPORT AND RECOMMENDATION RE PLAINTIFF'S EX PARTE APPLICATION FOR SANCTIONS AS TO DEFENDANTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(B) AND 37(D)**

Attached is the Court's Tentative Ruling set for hearing on July 27, 2026 at 8:30 a.m.

| | : |
|---|---|
| Initials of Preparer | JG |

***Julie Ann Goldberg v. Laura Rachel Ruano et al.***, Case No. 2:23-cv-02395-GW-(AGRx)
Tentative Ruling on Order regarding Magistrate Judge Margo A. Rocconi's Report and
Recommendation re Plaintiff's Ex Parte Application for Sanctions as to Defendants pursuant to
Federal Rules of Civil Procedure 37(b) and 37(d)

On June 26, 2026, plaintiff Julie Ann Goldberg ("Plaintiff") filed an Ex Parte Application
for Terminating Sanctions, Including Default Judgment under Federal Rule of Civil Procedure
37(b)(2)(A)(vi); Issue, Evidentiary, and Monetary Sanctions; and 45-Day Evidentiary Damages
Submission Schedule ("Ex Parte Application") against defendants Laura Rachel Ruano and
Thomas A. Monteleone ("Defendants").  *See* Ex Parte Application, Docket No. 320.  This Court
thereafter sought from Magistrate Judge Margo A. Rocconi[1] a report and recommendation
("R&R") regarding the scope/extent of Defendants' discovery and other violations and also as to
the specific relief requested by Plaintiff in her Ex Parte Application.  *See* Docket No. 322.
Following this Court's order, Defendants filed an opposition to the Ex Parte Application.  *See*
Docket No. 323.  On July 10, 2026, Judge Rocconi issued the requested R&R.  *See* R&R, Docket
No. 324.  Judge Rocconi has recommended that the Ex Parte Application be granted in part and
that a sanctions order be entered against Defendants.  *See id.* at 1.  Defendants filed an objection
to the R&R, asserting, *inter alia*, that Judge Rocconi's "recommended sanctions are grossly
disproportionate to the violations and violate fundamental due process principles."  *See* Docket
No. 325, at 2.  Plaintiff filed a response to the R&R, seeking its adoption by this Court "in full"
and renewing her request for terminating sanctions in the form of entry of default judgment against
Defendants as to damages.  *See* Docket No. 326, at 2-3.

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ.
P. 72(b)(3) (indicating that: "[t]he district judge must determine de novo any part of the magistrate
judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject,
or modify the recommended disposition; receive further evidence; or return the matter to the
magistrate judge with instructions").  Proper objections require "specific written objections to the
proposed findings and recommendations" of the magistrate judge.  Fed. R. Civ. P. 72(b)(2).  "A
judge of the court shall make a de novo determination of those portions of the report or specified
proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C);
*see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it
clear that the district judge must review the magistrate judge's findings and recommendations de
novo if objection is made, but not otherwise."). Where no objection has been made, arguments
challenging a finding are deemed waived.  *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days
after being served with a copy, any party may serve and file written objections to such proposed
findings and recommendations as provided by rules of court.").  Furthermore, "[o]bjections to a
R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the
Magistrate Judge."  *Chith v. Haynes*, No. 3:18-cv-05342-BHS, 2021 WL 4744596, at *1 (W.D.
Wash. Oct. 12, 2021).

Defendants set forth five objections to the R&R, each of which the Court addresses in turn.
First, Defendants object to Judge Rocconi's recommendation that Defendants be "barr[ed] . . . from
opposing or challenging Plaintiff's evidentiary submissions regarding punitive damages, including

---

[1] This case was assigned to Judge Rocconi on May 28, 2026, for any discovery and/or post-judgment matters that
may be referred.  *See* Docket No. 304.

evidence regarding Defendants' financial condition and ability to pay." *See* Docket No. 325, at 4 (quoting R&R at 11). Defendants argue that barring them from opposing Plaintiff's evidence "effectively converts the punitive damages proceeding into a unilateral presentation in which Plaintiff's evidence is deemed conclusive" and that it "goes far beyond what is necessary to address the prejudice Plaintiff has suffered." *See id.* at 5. Defendants believe that "the appropriate sanction [for Defendants' failure to produce their financial records] is to preclude Defendants from introducing those records or from arguing that they lack the ability to pay – not to bar them from testing Plaintiff's evidence through cross-examination, objections, or rebuttal." *See id.* Judge Rocconi observed – and the Court would agree with her observation – that "[t]here can be little question that Defendants' intransigence has compromised Plaintiff's ability to prove certain elements of her damages claims, including the very aspects identified by [this Court] as warranting further discovery, such as Defendants' assets." *See* R&R at 9. As such, Judge Rocconi also recommended "precluding Defendants from introducing, relying upon, or referring in any way to any testimony, documents, or other information that Defendants were ordered to produce." *See id.* at 11. Merely precluding Defendants from introducing the evidence they have intentionally withheld, however, is insufficient to remedy the prejudice to Plaintiff that has resulted from Defendants' continued willful disobedience of court orders. Defendants are barred from challenging only the evidence Plaintiff offers in support of her *punitive damages claim*, not her other claims. Judge Rocconi specifically explained in the R&R that Plaintiff's other claims are not dependent upon information coming from Defendants and that precluding Defendants from contesting the elements of those claims "would confer an undue benefit on Plaintiff and exceed the scope of Defendants' violations." *See id.* (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Judge Rocconi carefully considered "[t]he potential efficacy of alternative measures or sanctions" in light of Defendants' willful refusal to comply with court orders, *see id.* at 10 n.9.

However, this Court has a question as to the scope of Judge Rocconi's recommendation. Typically, a jury would be instructed that in awarding punitive damages they should consider:

(1) The reprehensibility of the conduct of the defendant.

(2) The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition.

(3) That the punitive damage must bear a reasonable relationship to the injury, harm, or damage actually suffered by the plaintiff.

*Morgan v. Woessner*, 997 F.2d 1244, 1256 n.13 (9th Cir. 1993). While Defendants' discovery-related misfeasance/nonfeasance clearly impaired Plaintiff's ability to establish the second factor (and definitely justifies precluding Defendants' attempts to proffer evidence of their financial condition at trial), it is not clear whether it adversely affected the first and/or third elements. To the extent that it can be shown that those factors were also adversely affected, the Court would agree with Judge Rocconi's recommendation in full; but to the extent that it cannot, then this Court would have potential problems. This issue will be discussed that the hearing.

Second, Defendants object to Judge Rocconi's finding of willfulness in support of her recommended sanctions. *See* Docket No. 325, at 6. Defendants assert that Judge Rocconi "fail[ed] to adequately consider the context and motivation for Defendants' decision" not to comply with court orders. *See id.* Defendants point to Plaintiff's prior purported failure to comply with court orders to produce certain documents and appear for deposition on multiple occasions. *See id.* Defendants argue that "while Defendants' decision not to comply was conscious, it was motivated by a belief that Plaintiff's ongoing noncompliance rendered the discovery process fundamentally

2

unfair." *Id.* at 7.  Defendants further argue that Judge Rocconi failed to take into account "the practical impossibility of complying with a four-day written discovery deadline when counsel was unavailable for most of that period." *Id.*  The Court is far from persuaded by this objection.  As Judge Rocconi indicated, "[e]ven assuming [the discovery violations by Plaintiff] have occurred, Defendants' proper remedy, of course, is to seek relief from this Court, not to willfully defy its orders." *See* R&R at 9 n.7.  Moreover, Judge Rocconi squarely addressed and rejected Defendants' argument regarding a "compressed timeline." *See id.* at 8.  Specifically, she observed that "Defendants can hardly claim that Plaintiff's interrogatories and RFPs caught them by surprise, as they were served nearly six months ago" and that there was never any indication of Defendants' counsel's unavailability during the period of time in which Defendants were required to comply with court orders until "after the expiration of all deadlines at issue here." *See id.* at 8, 8 n.6.

Third and fourth, Defendants object to Judge Rocconi's finding of prejudice to Plaintiff based on Plaintiff's inability to obtain discovery regarding Defendants' assets and ability to pay and Judge Rocconi's recommended sanction of barring Defendants from opposing Plaintiff's punitive damages evidence.  See Docket No. 325, at 7-8.  These two objections mirror Defendants' first objection and remain unpersuasive to this Court (as already delineated) for the same reasons set forth above.

Fifth and finally, Defendants object to the R&R insofar as it "does not adequately address Defendants' argument that Plaintiff has failed to comply with prior discovery orders." *See id.* at 9.  Defendants argue that Judge Rocconi's dismissal of this argument is "insufficient" because it ignores Defendants' attempts to seek relief for Plaintiff's failures to comply with discovery obligations and the prejudice that Defendants have purportedly suffered from Plaintiff's noncompliance.  *See id.*  Although Defendants indicate that they "have sought relief through multiple motions to compel and motions for sanctions, all of which were denied or resolved through orders requiring Plaintiff to produce discovery that Plaintiff has never produced," *see id.*, Defendants do not identify from the docket any such motion.  Furthermore, the Court fails to understand what impact Plaintiff's actions would have on Defendants' failure to comply with court orders.  To put it simply, the Court continues to be unpersuaded by Defendants continued reliance on Plaintiff's conduct to justify their own.

In sum, upon review of the docket, the R&R, and Defendants' objections, the Court agrees with Judge Rocconi that Plaintiffs' Ex Parte Application should be granted in part and that a sanctions order be entered against Defendants.  Notwithstanding Plaintiff's arguments to the contrary, *see generally* Docket No. 326, the Court would also agree with Judge Rocconi that terminating sanctions in the form of an entry of default judgment is not appropriate at this time. The Court, therefore, **ADOPTS** Judge Rocconi's R&R and **DENIES** Plaintiff's Ex Parte Application insofar as it seeks terminating sanctions.[1]

---

[1] In her response to the R&R, Plaintiff also requests the following three supplements to any order from this Court adopting the R&R: "(1) an order under Rule 37(b)(2)(A)(i) deeming Defendants' ability to pay established; (2) an order that the monetary sanctions run jointly and severally against Defendants and their counsel under the pending Order to Show Cause (Dkt. 309 ¶¶ 16-17); and (3) a consolidated schedule to quantify the fee awards." *See* Docket No. 326, at 3. Given Judge Rocconi's recommended sanctions, the Court sees no reason to make any additional finding with respect to Defendants' ability to pay.  That the "public record" contains information regarding Defendants' financial assets does not mean that Defendants' ability to pay should be deemed established. *See id.* at 6-7.  Because the remaining two supplements requested appear related to orders issued by Judge Rocconi that have yet to be fully resolved, *see* Docket Nos. 306, 309, the Court finds no basis upon which to include them in this order.

To the extent Plaintiff requests to reset the pretrial and trial dates in this matter, *see id.* at 9-10, the Court will discuss such request with the parties at the hearing.